Lambert *vs.* Smith.

---

JOSEPH H. LAMBERT, plaintiff in error, *vs.* H. W. SMITH, defendant in error.

1. Whether a judgment by default will be set aside or not, is a question addressed to the sound discretion of the court below, and this court will not, as a general rule, interfere, unless such discretion has been grossly abused.
2. On the bill of exceptions were two entries ; the first being "filed in office June 10th, 1876," was unsigned. The second, immediately following the first, certified that the bill was withdrawn by attorneys for plaintiff in error, and re-filed. This entry was dated June 12th, 1876, and signed by the clerk of the superior court :

*Held,* that the clerk had no authority to certify to the withdrawal of the bill of exceptions, and such entry is therefore of no effect.

JACKSON, Judge, dissented on the ground that the entry of withdrawal was part of the entry of filing, and that the one could not therefore be considered without the other. (R.)

Judgments. Practice in the Supreme Court. Before Judge CLARK. City Court of Atlanta. June Term, 1876.

The following, taken in connection with the decision, sufficiently reports this case:

The bill of exceptions had two entries upon it. The first was "Filed in office June 10, 1876," and was. without any signature. The second was as follows: "This bill of exceptions this day withdrawn by attorneys of Lambert, and re-filed—June 12, 1876. James D. Collins, C. S. C."

Defendant's counsel moved to dismiss the bill of exceptions on the ground that it lost its character as such by the withdrawal, and a subsequent re-filing could not give it new vitality.

Counsel for plaintiff in error insisted that there was no authority given to the clerk to enter the withdrawal of a bill of exceptions thereupon, and such entry should, therefore, not be regarded.

The motion was overruled, and the principle enunciated in the second head-note announced.

E. N. BROYLES ; G. F. WOOTEN, for plaintiff in error.

JOHN L. HOPKINS; GLENN & ANGIER ; J. T. GLENN, for defendant.

WARNER, Chief Justice.

This was a motion to set aside a judgment in the city court of Atlanta. It appears from the record and bill of exceptions that a suit was pending in said city court in favor of Smith against Lambert, the defendant; that in the forenoon of the first day of the trial term of said court, when the case was called on the docket for trial it was in default, and there being no attorney's name marked on the docket for the defendant, nor plea of any sort to be found in the clerk's office, the court, after hearing the plaintiff's evidence, awarded a judgment in favor of the plaintiff for the sum of $150 00. During the same term of the court the defendant made a motion to set aside the judgment so rendered as aforesaid, offering to pay all costs, on the ground that he had a meritorious defense to the action, which he set forth, and filed his own affidavit that he expected to be able to establish the facts so set forth on the trial of the cause. The defendant further states in his affidavit that on being sued in the case he employed Thrasher & Thrasher, attorneys at law, to defend the same, and relied on them to prepare the defense; that late Saturday afternoon, before the meeting of the present term of the court on Monday, hearing that Thrasher & Thrasher would not be at the court, and that Broyles & Wooten were representing the cases of Thrasher & Thrasher, he went to their office about nine o'clock on Monday, the first day of the court, to see them about the case; found them at the superior court, but on account of their being engaged in other cases, and not being personally acquainted with them, did not get to speak to them about his case until about eleven o'clock, A. M.

Immediately thereafter Broyles went to the city court and found that judgment had been rendered against him. Upon this showing of the defendant, the court refused to set aside the judgment, whereupon the defendant excepted.

The judgment was rendered at the trial term of the case, there being no issuable defense filed on oath by the defendant. The motion to set aside that judgment for the reasons stated, was a question addressed to the sound discretion of the court below. That this court has the power to control that discretion is readily admitted, but as a general rule, this court will not interfere with the exercise of that discretion unless it has been grossly abused. The court before which the proceedings are had has a much better opportunity to judge of the conduct and motives of the parties before it than a reviewing court, which is governed by the record alone, and that court also had a much better opportunity to judge of the materiality of the defendant's alleged defense, in view of the plaintiff's evidence offered before it at the trial, than this court, when that evidence is not set forth in the record. In this case it does not appear when the defendant employed Thrasher & Thrasher to defend the suit. "On being sued in the case," is too indefinite. The defendant was required to show full diligence on his part. Besides, it is a significant fact that the defendant did not procure the affidavit of Thrasher & Thrasher as to the time and terms of their employment to defend the suit, instead of relying upon his own indefinite statement alone. There was not such an abuse of the discretion of the court below in refusing to set aside the judgment, on the statement of facts disclosed in the record, as will authorize this court to interfere and control it. Courts must necessarily be clothed with a large discretion in conducting the business therein, and this court will be slow to interfere with that discretion, unless it is manifestly apparent that there has been a gross abuse of it.

Let the judgment of the court below be affirmed