Little, administrator, *v.* Sexton.

Under the act of 1873 (Code, §1989, the only notice necessary to a defendant in a pending action of the lien of the plaintiff's attorney on the suit and its proceeds for his fees in that case, is knowledge of the fact that the suit has been instituted and is pending. A settlement made directly with the plaintiff, though without other notice of the attorney's lien, will leave the defendant liable in the action to a recovery for the benefit of the attorney to the extent of his fees, if there was a cause of action between the parties; and the attorney may prosecute the suit and recover accordingly. The case of *Haynes* v. *Perry*, 76 *Ga.* 33, was affected by there being no traverse of the sheriff's return, and beyond that would be, in what was said touching actual notice, relevant only to a claim of lien for fees for services rendered in some case or cases other than the one from which the fund was realized.          *Judgment affirmed.*

June 8, 1892.

Attorney's lien.    Notice.    Before    Judge Hutchins. Gwinnett superior court.    September term, 1891.

The case was in the superior court upon appeal from the court of ordinary by Little, administrator, from a finding against him upon a citation for settlement at the instance of Mrs. Sexton.    There was a verdict against Little for $166; defendant's motion for new trial was overruled, and he excepted.    The motion contained the general grounds that the verdict was contrary to law, evidence, etc., and that the court erred in refusing to charge, as requested in writing by defendant: "If plaintiff and defendant settled this case without notice to defendant of the claim of Juhan & McDonald for attorney's fees, then defendant would not be liable therefor, and

you should find for him." Also, because the court erred in charging : " If Juhan & McDonald were acting as attorneys for plaintiff and as such procured a judgment against defendant, then plaintiff and defendant could not defeat the lien of the attorneys on such judgment, for their fees in the case, by settlement thereof between themselves, and in such case, though plaintiff and defendant may have settled the judgment between themselves, still defendant would be liable to plaintiff's attorneys for their fees in the case, unless it appears that such settlement was made and money paid to plaintiff by their knowledge and consent."

Only one witness, Juhan, was introduced, so far as appears from the record. He testified : Plaintiff employed the law firm of Juhan & McDonald to institute this proceeding in the court of ordinary, agreeing that the attorneys' fees should not be less than one third of the recovery. The questions involved were many of them difficult, the labor great and the litigation tedious. Finally the attorneys succeeded in recovering judgment for plaintiff for $567.97 in the court of ordinary, and defendant entered an appeal. Pending the appeal plaintiff through her husband informed witness that defendant had offered to settle with her for $500, and advised with witness as to the propriety of it, and as to whether witness would consent to the settlement. Witness advised that it be done, and that the money must be paid to him or he would not abide it. After this witness was informed that the settlement had been made by the plaintiff, defendant informing him that the settlement had been made by paying plaintiff in money, cotton, etc., and defendant asked witness whether or not witness' fee had been paid and what it was. Witness then told defendant that the fee was one third of the recovery, that it had not been paid, and that he would hold defendant liable for it. Defendant said all the cotton paid had not been shipped, and that might be reached yet. Witness

told him he should look to him for the fee. He never gave defendant any notice of the claim for fees until after the settlement had been consummated by the parties. In the conversation defendant said that Sexton had told him the fee was only $25, and, as witness recollects, defendant said he had the money and would pay that. The fee charged (one third of the recovery) was reasonable and just for the service rendered, and has not been paid.

S. J. WINN, for plaintiff in error.

JUHAN & McDONALD, contra.