## JOHNSON v. McCURRY.

1. Where an action had been brought and marked "in default" before the passage of either the pleading act of 1893 or the practice act of 1895, there was no error at the trial thereof, occurring after the latter act took effect, in allowing the defendant, without requiring him to pay the costs, to file a plea setting up a payment alleged to have been made after the default judgment had been entered.

2. As attorneys at law have a lien for their fees upon all suits brought by them, the defendant in a civil action can not settle with the plaintiff so as to defeat the lien of the latter's attorney, or his right to proceed with the case to recover the amount of his fee. Applying this well-settled rule to the facts of the present case, the verdict in the defendant's favor was contrary to law.

Submitted June 26, — Decided August 5, 1897.

Foreclosure of lien. Before Judge Henry. Floyd superior court. July term, 1896.

On March 7, 1893, Johnson filed suit against McCurry to foreclose a lien for material furnished in the construction of a house. McCurry was duly served, but made no appearance or defense before the adjournment of the return term of the suit, and upon the call of the appearance-docket the case was marked in default. The name of Henry Walker appeared on the docket as sole counsel for plaintiff. The case remained so pending until July 20, 1896, when it came on for trial. In the meantime, without the knowledge or consent of said counsel, the plaintiff had accepted $18 from defendant in settlement of his claim. At the trial the court allowed, over objection of plaintiff's counsel, that the default be so opened as to allow defendant to file a plea of payment only, without requiring the payment of costs. Counsel for plaintiff then moved to strike the plea of payment as filed, on the ground that it was insufficient, incomplete, and too indefinite to raise an issue of fact. The motion was overruled, and after the introduction of evidence the case went to the jury, and they found in favor of the defendant. By his motion for new trial the plaintiff assigned the foregoing rulings as error, and alleged that the verdict was contrary to law and evidence, and to the charge of the court. The motion was overruled, and plaintiff excepted.

The plea of payment was as follows: "Soon after he was

served with the complaint in this case, he fully paid the plaintiff the debt and court cost, and defendant believed that plaintiff had dismissed his case. Payment was made September 6, 1893. Plaintiff agreed to dismiss the case, and defendant had no notice of its pendency until January 21, 1896, when he was served with copy of interrogatories, when he immediately employed counsel to defend the suit. Defendant further says, he is not indebted to plaintiff in any sum whatever, by reason of the settlement above set out." .

It appeared from the evidence, that plaintiff disclaimed any recovery for his separate benefit, and that the suit was proceeding for the sole purpose of recovering fees due to his counsel, arising out of his employment, for services rendered in the case from its inception when the lien was prepared and filed until the termination of the litigation. Proof was made supporting the action as filed. Plaintiff testified: The debt due on this lien has not been paid in full; no interest or cost has been paid me; about half of the principal debt has been paid me by some one for defendant; a receipt was given for this sum; the balance has not been paid me; it is due my counsel as his fee for services rendered in this case. My contract with Walker for his compensation in this matter was, that he should receive one half of the debt recovered in this case, for his fees for all services rendered in the matter from its inception to the end. This contract was made in November, 1892, before the lien was filed. I am insolvent, and reside in Chattanooga. I only received from Walker, since my removal from Rome, $25 collected from other sources. I did not leave any claims in his hands for collection. I did not settle this debt against defendant with John Alexander or any other person before my removal, nor did I intend to do so, or to give him a receipt in full settlement, but intended to receipt him for my interest only, about half of the claim.

For defendant it appeared, that on September 6, 1893, plaintiff settled the whole case with John Alexander acting for defendant, for $18, giving a receipt for that sum "in full of account, including interest and costs in the case" described. Alexander testified that the sum so paid was to include every-

thing; the attorney's fees were to be included in the money thus paid. Defendant testified that plaintiff was in Rome six or eight weeks after the settlement. Defendant's counsel testified that he advised the settlement; that the whole case was included, and such was his intention; that he made no effort to see Walker before or on the day of the settlement, but met him a few days thereafter and informed him of it and of the receipt, telling him he had better look up his client and see about his fee.

Walker testified: I was absent at the time of the settlement, and heard of it several days afterward; did not see or read the receipt, but might have done so; did not see Johnson prior to his departure from Rome. The $25 was sent to him several months after this. I did not retain my fee out of that sum, because, under my contract with him for fees, I could look only to the recovery in this case. I did not believe I could rightfully pay myself from that fund.

*Henry Walker*, for plaintiff.
*E. P. Treadaway* and *J. B. F. Lumpkin*, for defendant.

Fish, J. 1. When this case was called for trial in the court below on July 20, 1896, it was in default. Complaint is made by the plaintiff in error, that notwithstanding this fact the court, over his objection, permitted the defendant to file a plea of payment, without at the same time requiring him, as a condition precedent to opening the default, to pay all costs which had accrued in the case up to that time. In this connection, the practice act of 1895 (now embodied in sections 5069 et seq. of the Civil Code) is cited and relied upon. It does require, not only "payment of all costs which have accrued," but that the defendant shall move "within thirty days after the entry of default." The record before us discloses, however, that the present action was instituted on March 7, 1893, and that the judgment of default therein was entered long prior to the passage of that act. Indeed, the case stood in default upon the docket prior to the passage of the pleading act of 1893, which left somewhat in doubt the power of the judge to open a judgment of default, even upon payment of costs. It follows,

therefore, that neither of these two acts can have any bearing upon the question here presented.

Tested by the law as it stood when the judgment of default was entered in the case at bar, there is no merit in the complaint made by the plaintiff in error that no terms were imposed upon the defendant as a condition to allowing him to open the default and file a plea; for this was a matter within the sound discretion of the trial judge. *Lambert* v. *Smith*, 57 *Ga.* 25; *Sasser* v. *Sasser*, 73 *Ga.* 283; *Russell* v. *Hubbard*, 76 *Ga.* 621; *Jones* v. *Grantham*, 80 *Ga.* 474. Moreover, it appears from the record that the plea alleged payment to have been made subsequently to the entry of the judgment by default; and if it were necessary to open the default to file such a plea, there certainly was no error in so doing.

2. The rule of law stated in the second headnote is one no longer open to question. Under the evidence submitted, a finding in favor of the defendant was a legal impossibility; and therefore the verdict returned by the jury was contrary to law and should have been set aside.

*Judgment reversed.     All the Justices concurring.*