# Fuller *v*. Lanett Bleaching Co.

## *Injury to Servant.*

### (Decided May 1, 1914.  65 South. 61.)

1. *Statutes; Foreign Statutes; Construction.*—A construction placed by the court of last resort of a sister state on a statute thereof is at least persuasive that the legislature adopting the statutes intended it as so construed.

2. *Attorney and Client; Lien; Statutory Provision.*—Under subdivision 2, section 3011, Code 1907, an attorney for plaintiff has a lien on the cause of action, and may intervene to prosecute an appeal from a judgment for defendant, notwithstanding the parties have settled the cause pending the appeal.

(Sayre, J., dissents.)

APPEAL from Chambers Circuit Court.

Heard before Hon. S. L. BREWER.

Action by J. K. Fuller against the Lanett Bleaching Company for damages for personal injury. There was a judgment for defendant, and plaintiff appealed, and, pending the appeal, the cause of action was settled by the parties. Motion of appellee to dismiss the appeal denied, and counter motion of appellant's counsel to intervene to prosecute the appeal granted.

On reaching this court, the appeal was submitted, and the appellee filed a motion to set aside the submission and dismiss the appeal because of the fact that, after the appeal was taken, plaintiff and defendant compromised and settled the claim; the defendant paying the plaintiff the sum of $200 in full accord and satisfaction, releasing and forever discharging defendant from any and all actions, causes or causes of action, claims and demands in consequence of the injuries suffered. This accord was in writing and executed on February 21, 1912. Attorney for appellant resisted the motion,

[Fuller v. Lanett Bleaching Co.]

and asked to intervene for the purpose of prosecuting the appeal, setting up a lien and an interest under the statute in the suit pending. In response to these several applications and motions, the following opinion was written.

CARLTON E. BATTLE, and N. D. DENSON, for appellant. No brief reached the Reporter.

STROTHER, HINES & FULLER, for appellee. No brief reached the Reporter.

ANDERSON, C. J.—Subdivision 2 of section 3011 of Code 1907, the constitutionality of which is not assailed by counsel, reads as follows: "Upon suits, judgments, and decrees for money, they shall have a lien superior to all liens but tax liens, and no person shall be at liberty to satisfy said suit, judgment, or decree, until the lien or claim of the attorney for his fees is fully satisfied; and attorneys at law shall have the same right and power over said suits, judgments and decrees, to enforce their liens, as their clients had or may have for the amount due thereon to them."

This is a literal reproduction of a Georgia statute which, at the time of adoption in this state, had been often construed by the Supreme Court of Georgia, and which said construction is at least persuasive that our Legislature intended to adopt it as construed in the jurisdiction from which it was borrowed.

"As attorneys at law have a lien for their fees upon all suits brought by them, the defendant in a civil action cannot settle with the plaintiff so as to defeat the lien of the latter's attorney or his right to proceed with the case to recover the amount of his fee."—*Johnson v. McCurry*, 102 Ga. 471, 31 S. E. 88; *Twiggs v. Chambers,*

[Louisville & Nashville R. R. Co. v. Loyd.]

56 Ga. 279; *Coleman v. Ryan,* 58 Ga. 132; *Little v. Sexton,* 89 Ga. 411, 15 S. E. 490.

For a full discussion of this subject, see note in the case of *Cameron v. Boeger,* 93 Am. St. Rep. 169, wherein the statutes are discussed, but none of which seem to be identical with the Georgia and Alabama statute as above quoted.

We therefore overrule the defendant's motion to dismiss this appeal, and grant the motion of plaintiff's counsel to intervene for the purpose of prosecuting said appeal.

MCCLELLAN, MAYFIELD, SOMERVILLE, DE GRAFFENRIED, and GARDNER, JJ., concur. SAYRE, J., dissents.