GOODWIN FILM & CAMERA CO. v. EASTMAN KODAK CO. et al.

Appeal of WETMORE.

(Circuit Court of Appeals, Second Circuit.   March 9, 1915.)

No. 181.

ATTORNEY AND CLIENT ☞177—LIEN—PERSONS ENTITLED TO LIEN.

 Where complainant's solicitor of record conducted a suit, consulting from time to time with counsel retained by him to the date of the final hearing, when both he and the counsel participated in the argument, and on appeal from a decree for complainant the preparation for the argument was made almost entirely by the counsel on account of the solicitor's illness, and the appeal was argued by the counsel, who also opposed an order to show cause why the injunction obtained by complainant should not be suspended, and made suggestions which were adopted by the court on the hearing of the show-cause order, and which resulted in a settlement by defendant for a large sum without the knowledge of the counsel, he did not acquire a charging lien upon the decree and its proceeds, though he signed the bill pursuant to old equity rule 24, providing that every bill shall contain the signature of counsel, which shall be considered as an affirmation on his part that, upon the instructions given to him and the case laid before him, there is good ground for the suit, as the purpose of this rule is to insure good faith, and it does not vary the relation of counsel to client, or make the counsel who signs the bill a counsel of record.

 [Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. § 386; Dec. Dig. ☞177.]

Appeal from the District Court of the United States for the Western District of New York.

For former opinion, see 216 Fed. 831.

Wetmore & Jenner, of New York City (Samuel H. Ordway, of New York City, of counsel), for appellant.

Charles A. Brodek, of New York City, for complainant.

J. J. Kennedy, of New York City, for defendant.

Before LACOMBE, WARD, and ROGERS, Circuit Judges.

WARD, Circuit Judge.   The petitioner asks that he may be declared to have a lien upon the decree in favor of the complainant herein and the proceeds thereof for the reasonable value of his services as counsel; that the decree be vacated, and a master be appointed to take proofs on the subject and report to the court.

The bill was filed in December, 1902, and the petitioner retained as counsel for complainant in March.   Edward C. Davidson, the solicitor of record, conducted the case, consulting with the petitioner from time to time down to the date of final hearing, May 6, 1913, when both solicitor and counsel participated in the argument before Judge Hazel, who entered a decree for the complainant.   An appeal from this decree was taken by the defendant, and preparation for the argument made almost entirely by the petitioner on account of the illness of the solicitor.   January 5, 1914, the case came on for argument in the Circuit Court of Appeals, was argued by the petitioner, and the decree of the

District Court affirmed. Subsequently the defendant obtained an order upon the complainant to show cause why the injunction should not be suspended for six months upon the ground of public convenience and to enable the defendant to dispose of its large stock of films. This was opposed by the petitioner, whose suggestions as to terms were substantially adopted by the court, and were such that the case was settled for a very large sum without his knowledge. Thereupon he sent in a bill to the complainant for $100,000, which the complainant refused to pay, tendering $5,000 in full settlement.

As between the complainant and the petitioner, the question is whether counsel has any lien upon the decree and its proceeds. We cannot agree that the petitioner, as counsel, has a charging lien for the reasonable value of his services upon the decree and the proceeds thereof which equity will enforce, without regard to statute or possession of property. The cases relied upon, when examined, do not sustain this contention. In Barcus v. Gates et al. (C. C.) 130 Fed. 364, it is quite plain that, although Barcus is spoken of in the opinion as counsel, he was actually attorney. In Dodge v. Schell (C. C.) 12 Fed. 515, the petitioner, though a custom house broker, was treated as an attorney, and the court made it a condition of the substitution of new attorneys for the plaintiffs that his fee should be paid. In Frink v. McComb (C. C.) 60 Fed. 486, the award seems to have been made to solicitors, though they are sometimes spoken of in the opinion as counsel. In Buell v. Kanawha (D. C.) 201 Fed. 762, the solicitors for the complainant also acted as counsel for the receivers. They were allowed no compensation as attorneys for complainant on the ground that he had created no fund, and they were denied compensation for services to the receivers out of the fund because it belonged to prior claimants, viz., mortgagees. In Tuttle v. Claflin (C. C.) 86 Fed. 964, and 88 Fed. 122, 31 C. C. A. 419, the situation was one of a fund created by one Wooster who was by agreement entitled to his costs and expenses. Judge Lacombe held that it made no difference whether the counsel fees which he incurred as part of his expenses were paid to him or to the counsel directly. This is quite in line with what the court said in Central R. R. Co. v. Pettus, 113 U. S. 116, 5 Sup. Ct. 387, 28 L. Ed. 915, as to a fund created by intervening creditors:

"It is clear that, within the principles announced in Trustees v. Greenough [105 U. S. 527, 26 L. Ed. 1157], Branch, Sons & Co. and their co-complainants are entitled to be allowed, out of the property thus brought under the control of the court, for all expenses properly incurred in the preparation and conduct of the suit, including such reasonable attorney's fees as were fairly earned in effecting the result indicated by the final decree. And when an allowance to the complainant is proper on account of solicitors' fees, it may be made directly to the solicitors themselves, without any application by their immediate client."

Counsel for petitioner attached much significance to the fact that he signed the bill as counsel, in accordance with old rule in equity 24, which reads:

"Every bill shall contain the signature of counsel annexed to it, which shall be considered as an affirmation on his part that, upon the instructions given to him and the case laid before him, there is good ground for the suit, in the manner in which it is framed."

The purpose of this rule is to insure good faith. It does not in any respect vary the relation of counsel to client. It does not make counsel who signs the bill a counsel of record, who cannot be changed except on terms, as is the case with the solicitor of record. The petitioner's remedy for his manifestly valuable services is at law. ·

The order is affirmed.