# Empire Coal Co. v. Bowen.

### Injury to Servant.

(Decided November 25, 1915.   70 South. 283.)

1. Appeal and Error; Moot Case; Determination.—Under subsection 2 of § 3011, Code 1907, the fact that plaintiff without the consent of his attorney, had released all his rights to defendant in the judgment recovered, does not defeat defendant's appeal on the ground that the case has become moot, it appearing without contradiction that counsel for plaintiff in the recovery of the judgment are interested therein, and are claiming a lien thereon, and liability on the part of appellant, to the extent thereof.

2. Master and Servant; Inury to Servant; Pleading; Employees.—Under § 98, Acts 1911, p. 534, a mining company may make special trips to carry the servants of an independent contractor in and out of the mines, and a

[Empire Coal Co. v. Bowen.]

complaint alleging negligence of a company in allowing rock to project too near a tram car on which plaintiff was riding, a special trip being made, is not defective for a failure to allege that he was defendant's employee; it being sufficient to allege that the trip was plaintiff's working place and that he was in the mine at defendant's invitation, and was to be carried to a place where he would work in and about the business of defendant.

3. Same.—Such section and act is not violated by reason of the fact that some of the cars would be left at the working places loaded with coal, and then used.

4. Appeal and Error; Review.—Appellant cannot complain of an instruction given in accordance with its contention.

APPEAL from Walker Circuit Court.

Heard before Hon. J. J. CURTIS.

Action by Louis Bowen against the Empire Coal Company for damages for injuries received while in its employment. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals under Acts 1911, p. 450, § 6. Affirmed.

The facts as to the motion to dismiss sufficiently appear from the opinion. The following are the counts of the complaint: "(D) Plaintiff claims of defendant the sum of $10,000 as damages for that on, to wit, April 23, 1913, defendant was operating a coal mine at or near Empire, in Walker County, Ala. In connection with the operation of said coal mines, the defendant operated a special trip of empty cars over a tram track in said mines for the purpose of transporting the workmen in and out of said mines. That on said date plaintiff was being transported by defendant in a special trip of cars to his working place in said mines where plaintiff was to work in and about the business of defendant and by the invitation of defendant, and, while so transported, a rock which projected from the walls of said entry struck plaintiff. (Here follows catalogue of injuries.) Plaintiff alleges that he received said injuries by reason of and as the proximate consequence of the negligence of defendant, its agents or servants, in that defendant, its agents or servants, negligently allowed said rock, which struck plaintiff, to be and remain in dangerous proximity to the tram cars on which plaintiff was being transported to his said working place in said mines, as aforesaid, whereby plaintiff was injured as aforesaid, all to his damages as aforesaid.

(E) Plaintiff adopts all of count D down to and including the catalogue of injuries, and adds thereto as follows: Plaintiff alleges that it was defendant's duty to use reasonable care and

skill in transporting plaintiff to his working place in said mines, and plaintiff alleges that defendant, its agents or servants, negligently failed to use such reasonable care or skill in so transporting plaintiff to his working place in said mines, but negligently allowed or caused plaintiff to have and receive the injuries and damages aforesaid; all to plaintiff's damage as aforesaid.

The pleas set up assumption of risk and contributory negligence, and using an unsafe way when there was a safe way known.

BANKHEAD & BANKHEAD, for appellant. GUNN & POWELL, for appellee.

GARDNER, J.— (1) Appellee recovered a judgment against the appellant in the sum of $1,000 as damages for injuries sustained by the plaintiff while he was being transported to his place of work in the mine of the defendant. After the appeal in this cause was taken, the appellee, without the aid, and it seems without the knowledge, or at least consent, of his counsel, for a valuable consideration executed to the appellant a release from any damages to which he might be entitled by reason of said judgment, and also transferred to appellant all his right, title, and interest in and to the same. Counsel for appellee move in the court for a dismissal of the appeal on this account, upon the theory that the parties having settled the litigation it is a moot case, citing 2 Rul. Cas. Law, § 42, and other authorities. It appears without contradiction, however, that counsel for appellee who make this motion were the counsel representing the plaintiff in the recovery of said judgment, and that as such counsel they are interested in the judgment, claiming a lien thereon for their attorney's fee, and are claiming a liability on the part of appellant to the extent thereof. Subdivision 2 of section 3011 of the Code of 1907, which deals with the question of the lien of an attorney upon a judgment for money, was given consideration in the recent case of *Fuller v. Lanett Bleaching Co.,* 186 Ala. 117, 65 South. 61. The question there determined is, in our opinion, decisive of the motion in this case against the contention of counsel for appellee. This is not, therefore, a "moot case." See *Postal Tel. Co. v. City of Montgomery,* 193 Ala. 234, 69 South. 428, where some of the authorities in ques-

tion of what is a moot case are reviewed. The motion to dismiss is overruled.

(2) Plaintiff was on one of the tram cars of the defendant company, being transported to his place of work, when he was struck by a rock projecting from the roof or wall of the mine. The case proceeded to trial upon counts D and E and upon the plea of the general issue and special pleas 2, 4, and 5. Counsel for appellant state in brief that there are involved in this case two "major propositions." The first relates to the insufficiency of the complaint for its failure to allege that the plaintiff was an employee of the defendant. Section 98 of the act entitled "An act to regulate the mining of coal in Alabama" (Acts 1911, p. 534), reads as follows: "No person, or persons, except those in charge of trips, superintendents, mine foremen, electricians, machinists and others, when required by their duty shall ride on haulage trips, except a special trip of empty cars may be operated for the purpose of taking employees into and out of the mine, when the distance to and from their work exceeds one mile. No person, excepting trip riders, shall ride on loaded car or cars, and they shall ride only the front or rear end of the trip."

It is therefore insisted that the complaint showed upon its face that the plaintiff was upon said car without right and in violation of said section, as he is not shown or alleged to have been an employee of defendant company. The complaint does show, however, that the defendant company, in connection with the operation of its coal mine, operated a special trip of empty cars over a tram track in said mine for the purpose of transporting the workmen in and out of the mine, and that on the date of the alleged injury the plaintiff was being transported by the defendant in a special trip of cars to his working place in said mine, where plaintiff was to work in and about the business of defendant, and by defendant's invitation. That the statute above referred to was intended for the preservation and protection of human life, and should be so construed that the ends for which it was intended may be accomplished, was held by this court in the recent case of *Stith Coal Co. v. Sanford*, 192 Ala. 601, 68 South. 990. See, also, *Walker v. B'ham C. & I. Co.*, 184 Ala. 425, 63 South. 1012. In furtherance of this purpose, it was evidently the intent of the Legislature to discourage indiscriminate rid-

ing on "haulage trips" by those workmen in the mine whose duties were not in any manner connected with such trips, and thus lessen the chance for accident. The section recognizes, however, the propriety, if not indeed in some cases the necessity, of the workmen being carried by cars to their working places, and excepts "employees" being so transported. The construction of section 98 contended for by counsel for appellant would make it unlawful for the employee of an independent contractor to ride on special entry cars to his working place, notwithstanding the owner of the mine was engaged in transporting employees to their working places, as alleged in the complaint. The section merely uses the word "employees," without further designation, and we are of the opinion that it would be too narrow a construction to hold that such word does not include employees of independent contractors working in the mine and being transported to their working places by the owner thereof. The demurrer to the complaint was properly overruled.

(3, 4) The second proposition insisted upon by counsel relates to the refusal of the affirmative charge upon the theory that the evidence shows that the plaintiff was not riding a "special trip of entry cars operated for the purpose of taking employees in and out of the mines." The trial court at the request of the defendant charged the jury that, although they should believe that the mine foreman instructed the drivers to take the workmen in regular trips of cars, yet they could not find for the plaintiff unless they believed that the defendant operated a special trip of cars for the purpose of carrying the men into the mines, and that the plaintiff was riding on such special trip at the time he was injured. The charge of the court upon that phase of the case, being in accordance with the contention of appellant, is not for review here. That the defendant company operated a car or cars from the mouth of the mine to a distance within the mine designated in the evidence as "thirteenth right" is without dispute, but the defendant contends that it did not operate any special cars or trips of cars from that point to any other portion of the mine for the purpose of carrying men to their working places.

We see no necessity for a discussion of the evidence in the case. Suffice it to say that it has received our most careful consideration, and we have reached the conclusion that upon the

[Pinckard, et al. v. Cassels.]

question of whether or not the defendant operated special trips of cars for the purpose of transporting the employees to their places of employment was sufficient for submission to the jury, and that the affirmative charge was properly refused. If such trips were made for the special purpose of transporting the employees to their places in the mines, so some of the evidence for the plaintiff tends to show, then the mere fact that some of the cars would be left at such working places and afterwards loaded with coal and then used would not, within the meaning of said section 98, alter the fact that the men had been transported by such special trip to their working places.

Under the familiar rule announced in *Cobb v. Malone,* 92 Ala. 630, 9 South. 738, we are not able to say that reversible error was committed in the refusal of the court to grant a new trial; nor are we persuaded under the rule announced in *Cent. Ga. Ry. v. White,* 175 Ala. 62, 56 South. 574, that the judgment in this case is so excessive as to call for any action by this court.

We have herein treated those questions which we have deemed of sufficient importance to merit discussion and which are evidently considered of prime importance by counsel for appellant. We think the other questions touching some objections to evidence need no detailed treatment here. They have, however, been carefully considered, and in them we find no error calling for a reversal of the case. The judgment of the court below is therefore affirmed.

Affirmed.

ANDERSON, C. J., and MCCLELLAN and SAYRE, JJ., concur.