(87 South. 211)

## GULF STATES STEEL CO. v. JUSTICE (GOODWYN & ROSS et al., Interveners). (6 Div. 944.)

(Supreme Court of Alabama. Oct. 21, 1920.)

1. Statutes ⊕=224—Construed in harmony with statutes existing at time of enactment.

A statute must be construed in harmony with statutes existing at the time of its enactment, so far as applicable.

2. Trusts ⊕=225 — Improvident allowances, contracts, or payments may be disallowed.

Improvident allowances, contracts, or payments made by representatives of trust estates may be disallowed in whole or in part, according to the justice of the case.

---

⊕=For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

204 ALA.—37

**3. Attorney and client ⊙190(2)—Administrator's attorney held entitled to lien in action for death of intestate.**

Under Code 1907, § 3011, subd. 2, giving attorneys at law liens upon suits, judgments, and decrees, the attorney of record of an administrator, in administrator's action for death of his intestate, could assert and enforce his lien by intervention on administrator's settlement of suit without the knowledge and consent of the attorney, in view of sections 6085–6088, relating to the administration of trust estates.

**4. Attorney and client ⊙190(1)—Intervention to assert lien available only to attorney of record at time of settlement.**

The right of an attorney to intervene and assert attorney's lien under Code 1907, § 3011, on settlement by client without attorney's consent, is available only to attorney of record at the time of the settlement, though other attorneys were, together with such attorney of record, parties to the contract of employment, and the names of such other attorneys were omitted from the complaint by inadvertence.

**5. Death ⊙26—Parent's dismissed suit no bar to administrator's suit.**

The fact that a suit was brought by a parent for punitive damages, causing the death of a minor child, under Code 1907, § 2485, and that before judgment it was abandoned and dismissed, after suit had been brought by administrator, under sections 3910–3913, would not prevent the administrator's suit from being prosecuted to a judgment.

**6. Attorney and client ⊙189—Amount of attorney's lien for enforcement against defendant determined by contract of employment.**

The amount of attorney's lien to be established and enforced by plaintiff's attorney against the defendant on plaintiff's settlement without attorney's consent was the amount specified by the agreement of employment.

**7. Attorney and client ⊙190(4)—That other attorneys were parties to employment contract was no defense in intervention to enforce attorney's lien.**

On intervention by plaintiff's attorney of record to enforce his lien following plaintiff's settlement without attorney's consent, it was no defense that attorneys other than the attorney of record were parties to the employment contract with plaintiff, and that on record attorney's recovery he would be required to account to such other attorneys.

Appeal from Circuit Court, Jefferson County; J. C. B. Gwynn, Judge.

Action by Jesse C. Justice, as administrator, against the Gulf States Steel Company, for damages for the death of his intestate in the employment of the defendant, with intervention by Chas. A. Calhoun and Goodwyn & Ross. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

The petition for intervention shows that Jesse C. Justice, as administrator of the estate of Hugh Justice, deceased, entered into a contract with Calhoun and Goodwyn & Ross, by which he employed them as attorneys, to prosecute a suit against the Gulf States Steel Company for damages for causing the death of Hugh Justice, his intestate, while in the employment of the defendant, and that the said Justice in that behalf agreed to pay the said attorneys for their services, an amount equal to one-half of the recovery, that might be had in such suit, either by settlement or compromise out of court, or in court by verdict of the jury, or by the court without a jury, thereby creating a lien in favor of said attorneys, on any amount realized therefrom, and thereby transferring and assigning said attorneys such sum, or any judgment that might be recovered in said cause, to secure them in the payment of such sum agreed to be paid them for their services in said cause, remainder to be turned over to said administrator. The petition then recites the fact that suit was brought, and that some time after the filing of the suit by the attorneys the administrator had secretly and without the knowledge and consent of said attorneys, and for the purpose of defrauding them, etc., had entered into negotiations with the defendant, and fraudulently conspired with defendant for a compromise settlement, and had compromised said cause for action without the knowledge and consent of said petitioners, and has concealed the proceeds thereof and executed a release, discharging the defendant from further liability in said cause, and disregarded the rights of the attorneys in the premises. Wherefore they petition to be allowed to intervene for the purpose of trying out the issues in said cause, to ascertain the legal liability of the defendant and the damages justly due by the defendant to the administrator, etc. The other facts sufficiently appear.

Percy, Benners & Burr, of Birmingham, and James Rice, of Tuscaloosa, for appellant.

Section 3011, subd. 2, Code 1907, does not give a lien, except to the attorney bringing the suit. 198 Ala. 383, 73 South. 525; 222 Fed. 249, 138 C. C. A. 71. The appellant's plea in abatement was good as a bar to this second suit. 178 Ala. 533, 59 South. 497; sections 2485, 2486, Code 1907. An administrator cannot enter into a contract which will fasten a lien upon the assets of an estate. Sections 6085, 6086, Code 1907; 136 Ala. 354, 34 South. 905, 96 Am. St. Rep. 26; 151 Ala. 393, 44 South. 48. In any event there was a variance between the allegations and the proof.

Chas. A. Calhoun, of Birmingham, and Goodwyn & Ross, of Bessemer, for appellee.

Counsel discuss the argument and the authorities cited in appellant's brief, but con-

---

⊙For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

tend that they do not hold as insisted by appellant. On the question of the authority of the administrator to fix a lien on the assets of the estate they cite 93 Ala. 350, 9 South. 870; 51 W. Va. 346, 41 S. E. 178; 202 Ala. 107, 79 South. 500; 54 Ala. 30; 64 Ala. 439, 38 Am. Rep. 15.

THOMAS, J. The suit is by a personal representative for the death of intestate, an employé. The trial was had on counts 9, 11, and 12 of the complaint, as amended on April 29, 1919, and on the petition for intervention by the attorneys named therein. Respondent in petition objected to filing intervention, moved to strike, pleaded in abatement, moved to transfer to equity, and demurred. After the respective denial or overruling of the same, defendant in the main suit sought to plead, as we will later indicate.

Count 9 charged negligence under subdivision 5 of the Employers' Liability Act (Code, § 3910); count 11, under subdivision 1; and count 12, under subdivision 2. Demurrer was sustained to all pleas, except that of the general issue. The paramount questions arise from a construction of Code, § 3011, as to attorney's lien on the suit, when the same was made by the attorneys of record of an administrator of plaintiff's intestate. The construction of subdivision 2 of that section is found in several recent decisions by this court. Mr. Justice Sayre said of the statute, in a suit by a passenger for personal injury, that it "gives a remedy by providing that attorneys have the same right and power over suits to enforce their liens as their clients had or may have." Western Ry. of Ala. v. Foshee, 183 Ala. 182, 192, 62 South. 500, 503. Mr. Chief Justice Anderson observed of this statute, that it was a literal reproduction of the Georgia statute, and that the construction thereof by the Georgia court was as follows:

"As attorneys at law have a lien for their fees upon all suits brought by them, the defendant in a civil action cannot settle with the plaintiff, so as to defeat the lien of the latter's attorney or his right to proceed with the case to recover the amount of his fee."

The suit was by a servant for damages for personal injury. Fuller v. Lanett Bleaching Co., 186 Ala. 117, 65 South. 61.

Provisions of the statute were construed by Mr. Justice McClellan on a bill to enforce the attorney's lien on lands of his client, in Harton v. Amason, 195 Ala. 594, 599, 71 South. 180, 182, where he observed of the extent of the statutory lien that—

"While an attorney at law or solicitor in chancery has a lien for his remuneration for professional services *in that particular behalf* upon a judgment or decree *obtained for his client to the extent of his agreed or his reasonable compensation* (Higley v. White, 102 Ala. 604, 15 South. 141), and a positive lien for his remuneration in that and other in-

stances and circumstances described and defined in Code, § 3011, the law in this jurisdiction remains, in the respect to be stated, as it was before the enactment of the statute (Code, § 3011), viz. that an attorney or solicitor has no lien on real estate of his client for his remuneration. Higley v. White, supra; Kelly v. Horsely, 147 Ala. 508, 41 South. 902." (Italics supplied.)

In a suit by an injured servant, observation was made by Mr. Justice Gardner that it appears without contradiction—

"that counsel for appellee who make this motion were the counsel representing the plaintiff in the recovery of said judgment, and that as such counsel they are interested in the judgment, claiming a lien thereon for their attorney's fee, and are claiming a liability on the part of appellant to the extent thereof." Empire Coal Co. v. Bowen, 195 Ala. 348, 350, 70 South. 283, 284.

In a suit for damages to an employee (Lowery v. Ill. Cent. R. R. Co., 195 Ala. 144, 146, 69 South. 954, 955), Mr. Justice Mayfield observed of subdivision 2 of this statute that it—

"was construed in the case of Fuller v. Lanett Cotton Mills, 190 Ala. 208, 65 South. 61 [meaning Fuller v. Lanett Bleaching Co., 186 Ala. 117]. In that case the settlement was made pending the appeal to this court, and it was ruled that plaintiff's attorney had a right to prosecute the appeal, notwithstanding the release by plaintiff and defendant's motion to dismiss the appeal, based upon such release in writing. * * * As was said by this court in Fuller's Case, supra [186 Ala. 117], the subject is discussed at great length in a note" to Cameron v. Boeger, 93 Am. St. Rep. 165, 173, 174.

He quotes from Cameron v. Boeger as follows:

"While honest settlements between the parties to a litigation, made without any intention of taking advantage of their attorneys, are commendable and to be encouraged, collusive and fraudulent settlements, made for the purpose of defrauding the attorneys, are, of course, reprehensible. If such are attempted, the court may interfere to protect the attorney. Its power to do so is inherent, and is founded on its right to protect its own officers against collusion and fraud practiced by the parties to the cause. The authority of courts in this respect has been exercised both under the common law, and under the statutes designed to secure attorneys in the collection of their compensation for services rendered in a cause. The proper course for the attorney is to proceed with the suit, notwithstanding the fraudulent settlement, for the purpose of enforcing his claims."

In a suit by an administrator for the death of plaintiff's intestate, in Denson v. Ala. Fuel & Iron Co., 198 Ala. 383, 388, 389, 395, 73 South. 525, 527, 528–530, it was said:

"Intervener contends that by his employment as attorney, and the bringing of the 'suit' pur-

suant thereto, he acquired a lien on the suit, that could not be compromised by the parties, and that, until this lien was satisfied, he had the same right and power to direct and continue said suit, to the end of the enforcement of his lien as attorney, for the amount so due him; that is to say, * * * as such attorney of record bringing the suit he may prosecute it to final judgment, for the ascertainment of the amount of his lien, and for the satisfaction thereof, as though no such compromise had ever been made between the parties to the suit. * * * Under subsection 2 it has been held that an attorney for the plaintiff has a lien on the cause of action, and may intervene to prosecute the original suit to a final judgment, notwithstanding the parties plaintiff and defendant have settled the pending cause in so far as the plaintiff's interest therein is concerned. * * * Nor is the statutory lien on the 'suit' made dependent on the service of process. The filing of the complaint at law, or the bill in chancery, in the court having jurisdiction of the cause and in a county of the venue, is the commencement of the suit on which the statute fixes a lien; * * * and the lien existent when the complaint or declaration or bill is filed in the court having jurisdiction of the subject-matter in controversy and in the county of the venue of the action."

The statute (Code, § 3011) was last construed on a bill seeking to enforce the attorney's lien of judgment on the lands sold under execution thereon. It was again declared that, viewing the whole statute, the lien of the attorney is not broader than its terms, which provide: (1) That a lien extends to and upon all papers and money of the client in possession of his attorney, for services rendered to the client in reference thereto; (2) upon suits, judgments, and decrees for money, with the same right and power that the client had or may have over such suits, judgments, and decrees, to enforce such lien, for the amount due him for professional services rendered in that behalf; (3) upon all suits for the recovery of personal property, all judgments or decrees for the recovery of the same, and upon the personal property recovered on such judgments or decrees, unless in the hands of bona fide purchasers; (4) that this lien may be enforced as other liens are enforced. Hale v. Tyson, 202 Ala. 107, 79 South. 499.

Before the statute was adopted, the lien of the attorney on the money judgment was well recognized in this state. Ex parte Lehman, Durr & Co., 59 Ala. 631; Warfield v. Campbell, 38 Ala. 527, 82 Am. Dec. 724; Williams v. Bradley, 187 Ala. 158, 65 South. 534; Fuller v. Clemmons, 158 Ala. 340, 48 South. 101. In the first of the above-cited cases Mr. Chief Justice Brickell observed:

"We regard it as settled in this state, by the decision in Warfield v. Campbell, 38 Ala. 527, that an attorney at law, or solicitor in chancery, has a lien upon a judgment, or decree, obtained for a client, to the extent of the compensation the client has agreed to pay him;

or, if there has been no specific agreement for compensation, to the extent to which he is entitled to recover of the client—reasonable compensation for the services rendered. * * . * The lien of an attorney, or of a solicitor, rests on the theory, that he is to be regarded as an assignee of the judgment or decree, to the extent of his fees, from the date of the rendition of the judgment or decree."

In line with this court's construction of statutory liens is that of a federal decision where complainant's solicitor of record conducted a suit, and in the course thereof had consulted with counsel retained by him to the date of final hearing (the petitioner for allowance and enforcement of attorney's lien), when both he and counsel participated in the argument. On appeal from decree for complainant the preparation for the argument was made almost entirely by said counsel on account of the solicitor's illness, and the appeal was argued by that counsel, who also opposed an order to show cause why the injunction obtained by complainant should not be sustained, and made suggestions which were adopted by the court on the hearing of that order, and which resulted in a settlement by defendant for a large sum paid complainant without the knowledge of such counsel. Held, that such counsel (the petitioner) did not acquire a charging lien upon the decree and its proceeds, notwithstanding the fact that "he signed the bill pursuant to old equity rule 24" (198 Fed. xxiv, 115 C. C. A. xxiv), providing that every bill shall contain the signature of counsel—that the rule did not vary the relation of counsel to client or make the counsel who signed the bill a counsel of record, in the sense that he acquired an attorney's lien on the suit or proceeds thereof. Goodwin Film & Camera Co. v. Eastman Kodak Co., 222 Fed. 249, 138 C. C. A. 71. As further explanatory of the decision in the Goodwin-Eastman Case, it will be noted that rule 24 of Rules of Practice for Courts of Equity of the United States was and is as follows:

"Every bill or other pleading shall be signed individually by one or more solicitors of record, and such signatures shall be considered as a certificate by each solicitor that he has read the pleading so signed by him; that upon the instructions laid before him regarding the case there is good ground for the same; that no scandalous matter is inserted in the pleading; and that it is not interposed for delay."

The Goodwin-Eastman Case relied largely on Central Railroad, etc., v. Pettus, 113 U. S. 116, 5 Sup. Ct. 387, 28 L. Ed. 915, where Mr. Justice Harlan, delivering the opinion of the court, observed of Trustees v. Greenough, 105 U. S. 527, 26 L. Ed. 1157:

"That suit was instituted by the holder of the bonds of a railroad company, on behalf of himself and other bondholders, to save from waste and spoliation certain property in which

GULF STATES STEEL CO. v. JUSTICE

he and they had a common interest. It resulted in bringing into court or under its control a large amount of money and property * * *. His claim to be compensated, out of the fund or property recovered, for his personal services and private expenses, was rejected as unsupported by reason or authority. * * * In respect, however, of the expenses incurred in carrying on the suit and reclaiming the property subject to the trust, the rule, upon a careful review of the authorities, was held to be different. * * * It was consequently held that the complainant in that case was properly allowed his reasonable costs, counsel fees, charges, and expenses incurred in the fair prosecution of the suit, and in reclaiming and rescuing the trust fund and causing it to be subjected to the purposes of the trust. * * * It is clear that * * * co-complainants are entitled to be allowed * * * for all expenses properly incurred in the preparation and conduct of the suit, including such reasonable attorney's fees as were fairly earned in effecting the result indicated by the final decree. * * * The court below did not err in declaring a lien upon the property in question, to secure such compensation as appellees were entitled to receive; for according to the law of Alabama, by one of whose courts the original decree was rendered, and by which law this question must be determined, an attorney at law, or solicitor in chancery, has a lien upon a judgment or decree obtained for a client to the extent the latter has agreed to pay him; or, if there has been no specific agreement for compensation, to the extent to which he is entitled to recover, viz. reasonable compensation, for the services rendered. Ex parte Lehman, Durr & Co. [supra]; Warfield v. Campbell, supra. * * * The lien of the solicitor rests, by the law of that state, upon the basis that he is to be regarded as an assignee of the judgment or decree, to the extent of his fees, from the date of its rendition. This right of the solicitors is superior to any which the defendant corporations acquired, subsequent to the decree, by the purchase of the claims of unsecured creditors."

Since the allowance of the attorney's lien upon the judgment for services rendered in its procurement (Warfield v. Campbell, supra [1860]), on reason found in the natural equity which forbids that "a party should * * * run away with the fruits of the cause without satisfying the legal demands of his attorney" (Rooney v. Second Ave. Rd. Co., 18 N. Y. 368), that lien has been recognized and enforced in this jurisdiction. It was, however, only by virtue of the statute that the attorney's lien was extended to the pending suit (before judgment), with the right, as an intervener, to proceed to judgment in the ascertainment of the amount of the debt, damages, or extent of the recovery, and the enforcement of the lien of the attorney of record on the same.

The statute declaring a lien on the pending suit before judgment in behalf of the attorney of record, being an innovation upon our declared right and lien of attorneys at law, it is necessary to consider how the stat-

ute in question is squared with other statutory provisions now pressed on our attention for the first time. The statute providing for the lien of attorneys at law on the pending suit, Code, § 3011, was taken from the Georgia statutes, and the courts had protected the lien of an attorney of record in a suit by a personal representative for an injury resulting in the death of plaintiff's intestate. Little, Adm'r, v. Sexton, 89 Ga. 411, 15 S. E. 490. In Hale v. Tyson, supra, we pointed out the respects in which the Georgia statute, as construed by the courts of last resort in that state, was departed from, only as touching real estate of the client, whether obtained directly or indirectly as a result of litigation. In Denson v. Ala. F. & I. Co., supra, no reference is made to sections 6085, 6086, of the Code of 1907, which come from the Code of 1886 with substance thereof unchanged. The statute, given a place in the Code of 1876 as section 3747, was a codification of the act of April 8, 1873 (Acts 1872–73, p. 131). That act had only provided for "the collection of debts for labor and services rendered for the benefit of trust estates"; and if the acting executor, administrator, or other trustee, shall have died, become insolvent, resigned, or been removed from such office, and which debts remain unpaid, the "amount thereof remaining due and unpaid shall be a charge upon said trust estate, as a part of the expense of administering" the same, and "recoverable by an action at law against the legal representative of said trust estate," etc. This codification preceded sections 3748 (4425), 3749 (4426), and 3750 (4427).

These statutes provided that a "chancery court having taken jurisdiction of the administration of the estate of a deceased person, either testate or intestate, or of an estate held in trust, any person owning a claim against such estate for services rendered or supplies furnished subsequent to the death of the testator or intestate, or the creation of the trust estate, may present the same by petition for allowance by such court"; that the court must render a decree for payment of the claims thus allowed or ascertained to be due from the estate upon account taken or stated under the direction of the court, or agreed upon between the parties; that "the petition, answer and other papers relating to such claim * * * must be filed with the papers of the cause pending for the administration of the estate, unless withdrawn by leave of the court." Thus was provided by statute the ascertainment, allowance, and enforcement of the lien or claim of such person against a trust estate by a chancery court in a pending cause therein, and by an action at law against the legal representative of the trust estate, where such representative has died, become insolvent, or removed from office without payment of such claim. Con-

current remedies at law and in chancery were thus provided by the two statutes. Munden v. Bailey, 70 Ala. 63; Etowah Min. Co. v. Wills Valley Min. & Mfg. Co., 143 Ala. 623, 626, 39 South. 336; Blackshear v. Burke, 74 Ala. 239.

In the Codes of 1886 (sections 3564, 3565), 1896 (sections 4183, 4184) and 1907 (sections 6085, 6086), under the chapter of Trusts and Trustees, the authority is given the trustee to render the estate being administered liable for the payment for necessary services rendered him, or for necessary repairs in and upon the estate, or for necessaries furnished him, if he be or become insolvent without making payment, and has not charged the estate with and obtained credit therefor. A mode of enforcing such liability there provided was—

"by petition filed in the court of chancery against such trustee, executor, or administrator," or if the authority of such personal representative has terminated, against the successor in trust or administration, "which petition may be filed in the district of the residence of the defendant, or in the district in which such estate is situate, or is being administered. If pending suit, an abatement occurs by the death or disability of the petitioner, or by the termination of the authority of the trustee, or of his successor, there may be a revivor, as in other suits in equity."

By section 6088 of the Code, it is provided that—

"If there be a pending suit, in which the court of chancery has taken jurisdiction of the administration of the trusts, or of the estate, the petition must be filed in, and become a part of the proceedings in such suit." Munden v. Bailey, supra.

[1] Sections 6085-6088 having long been a part of the statutory system of the state at the time of the adoption from the Georgia Code, as it appears in the Code of 1907, of section 3011, its provisions must be made to harmonize with other statutes therein by giving effect to the later legislative intent found therein, so far as applicable. See authorities collected in Williams v. Schwarz, 197 Ala. 40, 54, 56, 72 South. 330, Ann. Cas. 1918D, 869. Concurring remedies have often been provided for the assertion and enforcement of liens. Evans v. Wilhite, 167 Ala. 587, 590, 52 South. 845; Enslen, Adm'x, v. Wheeler, Adm'x, 98 Ala. 200, 13 South. 473; De Soto, etc., Co. v. Hill, 188 Ala. 667, 676, 65 South. 988; Ingram v. Ala. Power Co., 201 Ala. 13, 75 South. 304; Encyc. Dig. Ala. Rep. (Michie) vol. 5, p. 476.

[2] The right of courts administering trust estates to pass upon, allow, modify, or reject the claims of representatives of trust estates has long been recognized by the courts. If improvident allowances, contracts, or payments are made by such representatives of trust estates, the same may be disallowed in whole or in part, according to the justice of the case. This, however, does not give the defendant not a party to the contract the right to litigate, as an issue in the intervention, the reasonable value of intervener's services (as the attorney of record) rendered plaintiff in a representative capacity on the estate represented by him. This is a matter reserved to the courts in final adjudication, acquiring or having jurisdiction of the administration of the trust.

[3, 4] Who are attorneys having the statutory lien? is the pertinent inquiry. The foregoing decisions construing section 3011 of the Code are conclusive of the right of the attorney of record to assert and enforce his lien on the pending suit by intervention, though it be the attorney for an administrator of a decedent and a suit for personal injury causing his death. The subsequent settlement (on February 18, 1919) by plaintiff, administrator, with defendant, without the knowledge and consent of his attorney of record in pending suit (filed on February 6, 1919), had not the effect of defeating the statutory lien of plaintiff's attorney of record bringing the suit. It is without dispute that Mr. Calhoun's name only was signed to the complaint as an attorney of record for plaintiff when the complaint was filed, and was the only attorney appearing of record for plaintiff until the case was transferred from the appearance docket to the trial docket, on or about February 22, 1919, when defendant filed its plea in abatement, which will be later adverted to. The testimony on the part of interveners tended to show that thereafter Goodwyn & Ross appeared as attorneys of record with Mr. Calhoun; but, as no date is given, this was after February 22, 1919, for it is shown without conflict by the testimony of the clerk of the court in which the case was pending that the same was transferred from the "appearance docket" to the "trial docket" after February 22, 1919, and that previous to such time no other attorneys of record appeared for plaintiff. Interveners' evidence showed without dispute that after the bringing of the suit by the administrator, in an effort to adjust the same defendant's agent had conferences with a member of the firm of Goodwyn & Ross as representing plaintiff in the suit; that an offer of settlement for $3,500 was made by that firm, which was to conclude the claim or rights of all parties and attorneys at interest in said cause, including that of Mr. Calhoun; that this was before the settlement was effected by defendant on February 18th for $1,750 with the next of kin of plaintiff's intestate.

The plea in abatement filed February 22, 1919, was to the effect that theretofore—

"in this court, a court of competent jurisdiction, a suit was filed by M. W. Justice, the father of Hugh Justice, deceased, the said Hugh Justice, deceased, being a minor, claim-

ing damages on account of the injuries to and death of the said Hugh Justice, deceased, under section 2485 of the Code of Alabama of 1907," and "that said suit by M. W. Justice was still pending and undetermined at the time of the filing of the present suit by Jesse C. Justice, as administrator, and * * * is pending at the time of the filing of this plea in abatement; * * * that both the suit which M. W. Justice and the suit which Jesse C. Justice, administrator, brought, claim damages for and on account of the death of Hugh Justice, deceased. Wherefore, defendant says that the present suit by Jesse C. Justice, as administrator of the estate of Hugh Justice, should be abated."

[5] The fact that a suit was brought by the parent under section 2485 of the Code for punitive damages (L. & N. R. R. Co. v. Phillips, 202 Ala. 502, 80 South. 790, 791; Burnwell Coal Co. v. Setzer, 191 Ala. 398, 403, 67 South. 604) for causing the death of a minor child, by the wrongful act of the defendant or its agents, and that it was subsequently, before judgment, abandoned and dismissed after suit brought by the personal representative, would not prevent the latter suit and intervention being prosecuted to a judgment under sections 3910–3913 of the Code. In Hull v. Wimberly & Thomas Hdw. Co., 178 Ala. 538, 545, 59 South. 568, the judgment was recovered by the father under section 2485 of the Code and subsequently paid. Such was not the case here. The complaint filed on February 6, 1919, had indorsed thereon the waiver by the father of his right to prosecute the suit brought by him to a judgment and a relinquishment of any priority the father might have as related to the right of the administrator to proceed with his suit to judgment. L. R. A. 1916E, p. 160, note.

After the settlement amended counts were filed in the pending cause of J. C. Justice, as administrator, to which the names of Goodwyn & Ross and Charles A. Calhoun were subscribed as attorneys for plaintiff; and on the next day (April 30, 1919) the petition for intervention was filed in said suit by Charles A. Calhoun and Goodwyn & Ross, containing necessary recitals and prayer to establish and enforce the lien of attorneys in the pending suit. To this petition objections were filed to the effect that the record in the cause, in which intervention was filed, affirmatively showed that joint petitioners, Charles A. Calhoun and Goodwyn & Ross have no lien upon the suit as filed above; that neither Goodwyn & Ross, nor either of them, have any lien as sought to be set up in the petition for intervention; that Goodwyn & Ross have no right or warrant in law to join in said petition; and that there is no legal basis for the ascertainment by this court of a petition of intervention in the cause by Goodwyn & Ross.

The construction of the statute (section 3011) sought to be raised by the foregoing objection as to Goodwyn & Ross was further presented in the form of a motion to strike from the files the petition of intervention of said attorneys, Calhoun and Goodwyn & Ross, on the ground that the record in the cause of J. C. Justice, as administrator of the estate of Hugh Justice, versus Gulf States Steel Company, a corporation, now pending in said court, afforded no basis nor pretext for the maintaining of said petition of intervention as filed. The same reason was assigned for the objection to the filing of the intervention, the motion to strike that petition, and the motion to strike from the petition the names of Goodwyn & Ross where the same appear, which motions and objection were respectively held by the trial court not well taken, or overruled.

Thereafter the defendant, with other pleas, sought to set up the fact that Goodwyn & Ross have no lien upon said suit, not being attorneys of record for plaintiff in the cause, and have no right to maintain the suit. Demurrers were sustained to all of defendant's pleas, except that of the general issue. Under the foregoing authorities construing section 3011 of the Code, Goodwyn & Ross had no lien as attorneys of record in the suit at the date of settlement with plaintiff, and were not proper parties to the intervention. This fact was sought to be pleaded, and was exhibited to the court by the record of the cause; but this right was denied to the defendant by the sustaining of demurrers to the pleas, etc. The question of whether Goodwyn & Ross had a right as attorneys of record in said cause to maintain the suit by intervention, for the establishment and enforcement of their lien upon the pending suit at the date of the settlement, was the paramount question for decision.

The petition for intervention should have been by Charles A. Calhoun, the sole attorney of record in the pending suit from the time of its bringing to that of the settlement and thereafter to February 22, 1919. The fact that there was an agreement (offered in evidence) on the part of Goodwyn & Ross and Charles A. Calhoun to bring and prosecute the suit on behalf of the administrator against the defendant, and that this suit was brought pursuant to the contract of employment by the administrator, were questions of fact to be ascertained under the intervention by Charles A. Calhoun for allowance of attorney's fees as attorney of record for services rendered the estate, pursuant to the contract of employment.

[6, 7] The testimony for interveners tended to show such employment of Calhoun by the administrator, and that for defendant had a contrary tendency. If Goodwyn & Ross and Charles A. Calhoun were employed by plaintiff to prosecute the suit, according to the terms of the contract in evidence, and the complaint was drawn and filed with only the name of Charles A. Calhoun signed thereto as plaintiff's attorney of record, and there

was no appearance of other names as attorneys on the docket or otherwise in said pending cause up to and after the time of settlement with defendant, and if the names of Goodwyn & Ross as counsel of record were omitted therefrom by inadvertence, such omission or inadvertence prevented their having and enforcing a lien on the pending suit before and at the time of the settlement by the defendant with the administrator. The contract was an entirety between the attorneys on the one hand and the administrator on the other, in which it was agreed to pay, as attorney's fees, a sum equal to one-half of the amount recovered. As between the defendant and the attorneys of record, the lien of such attorneys of record to be established and enforced was for the sum indicated by the agreement of employment. Its reasonableness may be questioned in the forum of final settlement of the trust and allowance of the accounts and acts of the personal representative or trustee. The fact that, in event of recovery by Mr. Calhoun as sole attorney of record, he would account to Goodwyn & Ross (pursuant to the contract, as between them sufficient in law and in morals) for the amount named in the contract, is an immaterial inquiry in so far as the defendant is concerned, and is of no avail as a defense to the recovery of the sum agreed to be paid by the administrator to his attorneys in the matter of the suit. As to defendant, the question is one of indebtedness vel non for the amount of the fee and lien of the attorney of record as per contract agreement of plaintiff, and as related to its duty to intestate, its breach, and proximate injury and damage. Ex parte Lehman, Durr & Co., 59 Ala. 631, 632; Harton v. Amason, 195 Ala. 594, 599, 71 South. 180; Higley v. White, 102 Ala. 604, 15 South. 141; Denson v. Ala. F. & I. Co., 198 Ala. 383, 73 South. 525; Trustees v. Greenough, 105 U. S. 527, 26 L. Ed. 1157; Weeks on Attorneys at Law, § 34; Elliott on Contracts, vol. 4, § 2866.

The case was tried on the theory that Goodwyn & Ross were attorneys of record protected in the enforcement of a lien on the pending suit, and were proper parties to the intervention. In this there was error. It should have been by Charles A. Calhoun alone. This fact was presented to the trial court at every stage of the trial to the motion for new trial made on the ground that—

"There was variance between the allegations of the petition of intervention and the proof offered upon the trial, in that the proof failed to show any lien existing in favor of Messrs. Goodwyn & Ross."

The charge of the court and the several rulings in the conduct of the trial treated Goodwyn & Ross as attorneys of record protected in a lien on pending suit by the statute. The cause should have been tried on a proper intervention by Charles A. Calhoun, from which is stricken the names of Goodwyn & Ross.

Other questions reserved are not necessary to a decision of the cause, and it is believed would subserve no good purpose that they be discussed at length.

The judgment of the trial court is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.