142 So.2d 895

**C. E. McBRIDE et al.**

**v.**

**James Shelby ELLARD et al.**

**6 Div. 609.**

Supreme Court of Alabama.

June 21, 1962.

Bishop & Morris, Birmingham, for appellants.

Geo. S. Brown, Birmingham, for appellee-intervenor.

GOODWYN, Justice.

■ This is an appeal from a decree of the circuit court of Jefferson County, in equity, overruling appellants' (C. E. McBride, Individually and d/b/a Colonial Fast Freight Lines; Colonial & Pacific Frigidways, Inc., a corporation; and Colonial Fast Freight Lines, Inc., a corporation) demurrer to a bill of intervention filed by appellee John J. Smith in a suit brought by appellee James Shelby Ellard against appellants. The appeal was taken prior to passage of Act No. 72, appvd. Sept. 15, 1961, amending § 755, Tit. 7, Code 1940, and providing that a decree overruling or sustaining a demurrer to a bill or cross-bill is not appealable. The decree overruling the demurrer was appealable under § 755 prior to its amendment. Smith v. Palmer, 268 Ala. 686, 687, 110 So.2d 287, and authorities there cited.

Ellard's bill against appellants is essentially a minority stockholder's suit for an accounting, the appointment of a receiver, the issuance of an injunction, and the establishment of a constructive trust. In overruling the demurrer, the trial court stated, and we think correctly so, that the suit "is not an action for a moneyed demand."

Before the court ruled on appellants' demurrer to Ellard's bill, as last amended, appellants moved to vacate, set aside or dismiss the bill. The motion alleged that Ellard had settled the case with appellants, had transferred all of his rights, title and interest in and to any and all stockholdings appearing as part of the subject matter of the bill of complaint, as amended, and "had personally executed to the respondents [appellants] a release of all of his rights of actions, causes of actions in the past, or pending, or in the future arising out of any relation that he had or may have with any of the respondents, separately or collectively." Attached to the motion as an exhibit is a copy of an instrument executed by Ellard transferring to appellant Colonial & Pacific Frigidways, Inc., stock certificate No. 3, representing 5,000 shares of capital stock in said corporation. The recited consideration is $3,000. Also attached as an exhibit is a release executed by Ellard reciting a consideration of $2,000.

Appellants' motion was continued generally. Thereafter, Smith filed a petition to intervene in the case. Appellants' motion was then overruled and Smith was granted leave to intervene. Smith, within the time allowed, filed his bill of intervention alleging, to the extent here material, the following:

"2. Your intervenor was and is a solicitor in chancery and licensed to practice law at all times mentioned herein. He was employed by the complainant to prosecute complainant's claims against the respondents herein and was paid by the complainant the sum of One Thousand and 00/100 ($1,000.00) Dollars as a retainer. The complainant agreed to pay the intervenor an amount equal to one-half of any amount recovered by the complainant as a result of this proceeding, less the said One Thousand ($1,000.00) Dollars paid as a retainer.

"3. Intervenor further shows that the complainant and the respondents, without the knowledge or consent of your intervenor, on August 2, 1956, settled this cause between themselves by the respondents paying to the complainant the ostensible sum of Five Thousand and no/100 ($5,000) Dollars in return for which the complainant executed releases to the respondents. And intervenor avers on information and belief that the sum actually paid the complainant by the respondents was in excess of the said Five Thousand and no/100 ($5,000) Dollars and that he is entitled to a sum equal to one-half of what was so paid less the aforesaid One Thousand and no/100 ($1,000) Dollars.

"4. As a part of the settlement hereinabove described, the complainant purported to sell, assign and transfer all of his right, title and interest in and to a certain stock certificate No. 3 representing five thousand (5,000) shares of the capital common stock of the respondent Colonial and Pacific Frigidways, Inc., to said Colonial and Pacific Frigidways, Inc. Intervenor avers that he has had said stock certificate No. 3 in his possession since his employment in this case and has a lien thereon for his services."

The prayer of the bill of intervention is "that the court enter a decree and judgment against the *respondents* for the amount of said fee in favor of the intervenor; and that the court decree that intervenor has a lien on said stock certificate No. 3 for the satisfaction of said judgment and decree." [Emphasis supplied.]

■ Several grounds of appellants' demurrer to the bill of intervention take the point that the bill does not allege that the legal services performed by Smith for Ellard were in connection with, or were rendered in reference to, the said stock certificate No. 3. Our view is that the bill is defective in this respect.

Code 1940, Tit. 46, § 64, provides, in pertinent part, as follows:

"§ 64. Lien of attorneys at law.— 1. Attorneys at law shall have a lien on all papers and money of their clients in their possession for services rendered to them, in reference thereto, and may retain such papers until said claims are satisfied, and may apply such money to the satisfaction of said claims. * * *"

We find no allegation in the bill of intervention that Smith's legal services were rendered in reference to said stock certificate No. 3, on which Smith claims a lien.

■ Appellants also argue that the bill of intervention does not allege that Smith was the attorney of record for Ellard at the time of the alleged settlement. Smith agrees that "the right of an attorney to intervene or assert a lien for his services after a settlement by his client without the attorney's consent is available only to the attorney of record at the time of the settlement." See: Gulf States Steel Co. v. Justice, 204 Ala. 577, 582, 87 So. 211. But, says Smith, the record otherwise shows that he was an attorney of record at the time of the settlement, thus making it unnecessary to allege that fact in the bill of intervention. However, in Cortner v. Galyon, 223 Ala. 405, 406, 137 So. 30, it was held that the sufficiency of a bill of intervention, when tested by demurrer, is to be treated as an original bill. So considering Smith's bill of intervention, we think it should allege that he was attorney of record at the time of the alleged settlement. We observe that no question is presented on this appeal as to whether any other attorney of record for Ellard should also join in or be made a party to the bill of intervention.

■ Another point argued by appellant is that the prayer of the bill of intervention is for a decree or judgment against the "respondents" for the amount of the claimed fee, and not against complainant Ellard, Smith's client. Smith states in brief that

because of this "the bill of intervention may be justly criticized," but at the same time offers the observation that "the court treated both the complainant and the respondents as parties respondent to the bill of intervention." But here we are dealing with a bill being tested by demurrer. If relief is. sought against the complainant, as well as the respondents, the bill of intervention should be clarified in that respect.

A decree will be rendered here sustaining the demurrer and remanding the cause.

Reversed, rendered, and remanded.

LIVINGSTON, C. J., and LAWSON and COLEMAN, JJ., concur.