296 So.2d 881

**A. D. BARNES and Zorado H. Barnes**

**v.**

**R. B. KENT.**

**SC 509.**

Supreme Court of Alabama.

June 20, 1974.

Bell & Lang, Sylacauga, for appellants.

Dixon, Wooten, Boyett & McCrary, Talladega, for appellee.

HARWOOD, Justice.

The appellee Kent owns some seventeen hundred acres of land situated in Talladega County located within a rectangle of roads running north and south and east and west. U. S. Highway 231 is to the west of Kent's property, and the Old Sylacauga Highway is to the east. Kent has access to his property on the north from

a public highway. According to the allegations contained in his pleadings and proof, he has no access to the above mentioned public roads lying to the east and west of his property.

This suit is chiefly concerned, however, with Kent's access to his property on the south side.

We gather from the evidence that a public road runs roughly east and west to the south of Kent's property, and connecting U. S. Highway 231 and the Old Sylacauga Highway, and Kent's property comes to within 100 feet or more of this road on the south. In other words, a strip of land some 100 feet or more, depending on the direction of this road on the south, which does not run in an exactly straight line, separates Kent's land from this road.

The appellants own this above mentioned strip.

A good portion of the testimony presented below is directed toward showing that this road to the south of Kent's land was a public road, and the evidence is overwhelming in its tendencies establishing this fact.

The evidence further tends to show that for seventy years or longer an access way or easement had existed from this public road on the south across the strip of land owned by the Barneses to the land owned by Kent, which access had been used to reach a school house, a residence, and "the old Farris homestead" located on Kent's land. The easement had been used throughout the years.

Shortly after the Barneses purchased their land, which lies north and south of the public road on the south of Kent's property and which included the strip above mentioned, they had their land surveyed.

According to Kent's testimony, after the Barneses had had their land surveyed he agreed with the Barneses to erect a fence along their mutual boundary line, and at this time it was agreed to substitute a new access easement in lieu of the former easement, the new easement to be at a point where the strip of land owned by the Barneses was at its narrowest, and closer to U. S. Highway 231.

The line fence was erected by Kent, and a gate or gap was built into it at the location of the new easement. The old easement was abandoned, and Kent began using the new easement and his use thereof continued until shortly before the present proceedings were instituted.

On 29 August 1969, Kent filed a bill alleging in substance that the Barneses had placed a fence and gate across the public road (the road running south of Kent's property) which interfered with Kent and others in passage along a public highway; that said obstruction constituted a peculiar, particular, and continuing nuisance to Kent, his employees, and guests, and that he had requested the Barneses to remove the same. The bill prayed that the Barneses be ordered to remove the obstruction and enjoined from further obstructing the road.

The Barneses' demurrer to this bill being overruled, they filed an answer within the time allowed.

Thereafter, on 18 December 1969, Kent filed a petition requesting a temporary restraining order enjoining the Barneses from interfering with Kent's use of the road. This petition further averred that more recently the Barneses had placed an additional barricade or fence blocking the gate located in the fence erected by Kent, thus preventing Kent's access from his land to the highway. In this petition Kent prayed that a temporary restraining order issue prohibiting the Barneses from obstructing Kent's free use of the public road described in the original bill, and also from

interfering with Kent's access to the public road by means of the easement from his land to the public road.

The Chancellor granted a temporary injunction enjoining the Barneses from interfering with Kent's free access to his land over the public road and over the access road, an injunction bond in the amount of $500.00 being ordered.

On 29 December 1969, Kent secured an order directing the sheriff to remove the barricades placed by the Barneses.

On 17 May 1972, Kent filed a petition requesting that the Barneses be held in contempt of court for violating prior orders of the court.

After this, according to appellants' brief:

"All of the various aspects of this case were consolidated for hearing, by agreement, and the case came on for trial before the Honorable William C. Sullivan, Presiding Judge of the Circuit Court of Talladega County, Alabama, on 19 January 1973."

In the hearing Kent presented a number of witnesses. The Barneses presented no witnesses. The Chancellor took the matter under advisement.

On 27 February 1973, Kent filed an amended complaint "as heretofore amended" by amending the prayer to the effect that the court make and enter a decree permanently restraining the Barneses from obstructing the public road, and from obstructing the access road. This amendment further stated that a copy of the amendment had been served upon the respondents (Barneses) by mailing a copy of the same, postage prepaid, to the attorneys for the Barneses.

On 30 May 1973, some three months after the filing of the above mentioned amendment, the court entered its final decree.

The Chancellor ordered, adjudged, and decreed that the Barneses, their successors and assigns, be strictly enjoined from interfering in any manner with the free and uninterrupted passage by Kent, his servants, agents, employees, or invitees over the public road and also over the access road.

The Barneses have perfected their appeal from this decree.

As a threshold point the appellants argue that obstructing a public road is a public nuisance which must be abated by the state in an action brought by the state. Such is the holding in a number of our cases. See Strickland v. Lambert, 268 Ala. 580, 109 So.2d 664; Scruggs v. Beason, 246 Ala. 405, 20 So.2d 774; Hanna v. Harman, 230 Ala. 620, 162 So. 109. In fact Section 1084, Title 7, Code of Alabama 1940, provides in part that:

"* * * Generally, a public nuisance gives no right of action to any individual, but must be abated by a process instituted in the name of the state."

It must be noted, however, that the stringency of the above rule is modified by the provisions of Section 1086, Title 7, Code of Alabama 1940, which provides:

"If, however, a public nuisance creates a special damage to an individual, in which the public do not participate, such special damage gives a right of action."

Therefore, an individual may bring an action to abate the obstruction of a public road where he has suffered damages different in kind and degree from those suffered by the public in general. Holz v. Lyles, 287 Ala. 280, 251 So.2d 583; Ayers v. Stidham, 260 Ala. 390, 71 So.2d 95; Sandlin v. Blanchard, 250 Ala. 170, 33 So. 2d 472.

■ The appellee testified that while he has an access to his land from the public road on the north side, and his land extends southward to appellants' strip of land, his land is divided into two portions by a stream running east and west across it over which there is no bridge. He keeps many cattle on both the upper and the lower portions of his land which must be tended regularly.

The evidence further shows that the only easement or access across the appellants' strip of land northward from the public road on the south has been the one leading only to appellee's land.

It is obvious that most of the witnesses testified by reference to a map or plat which was used in examining them. They identified points as "here" and "there," and "this road" and "that road" etc. There was much finger pointing without any identifying point of reference whatsoever in their testimony. In this aspect their testimony is of little probative force to a reviewing court, though to the trier of fact viewing the witnesses' use of the map, such testimony could have meaning. Further, the map or plat used in the court below was not forwarded as an exhibit with the record on appeal.

We also deduce from the confusing testimony that while Kent could reach the lower portion of his land by going around by the Old Sylacauga road (assuming the access easement to be open), such route would be some two or three miles further than going on U. S. Highway 231 to reach the access easement.

Under the state of the evidence, we conclude that we would not be justified in disturbing the Chancellor's conclusion that the appellee Kent suffered special damages and could maintain his action.

■ Appellants also contend that the court erred in enjoining the appellants from interfering with the use of the access easement because the appellee did not claim relief as to the use of this easement in his original bill.

It is true that appellee's original bill made no reference to the access easement. However, there had been no obstruction of this access easement until after the appellee had filed his original bill relative to the obstructing of the public road. Upon the obstruction of the access easement, the appellee filed his second petition for a temporary restraining order setting forth that since the first bill was filed the respondents had obstructed the access easement. It was prayed that the respondents be restrained from continuing such obstruction.

In addition to this second petition we have commented on the additional matters, motions, and activities filed in connection with this litigation. Counsel for appellants state that all of these matters were consolidated by agreement for hearing. In this posture of the pleadings, we think the second petition relating to the access easement must properly be considered as an amendment to the first bill. It contains words compatible with an amendment though it was not so labeled. Equity looks through form to substance. Cousins v. Crawford, 258 Ala. 590, 63 So.2d 670.

■ It is clear from a reading of the record that the matter of the blocking of the access easement was thoroughly presented by the evidence, and appellee's witnesses were fully cross-examined in this aspect of the case. As stated by Merrill, J., in United States Finance Co., Inc. v. Jones, 288 Ala. 238, 259 So.2d 264:

"Where an equity court had jurisdiction of the subject matter and the parties before it, the want of pleading may be waived and the unsuccessful party cannot later be heard to complain that no issue was arrived upon the case, such objection being waived by the parties

participating in the trial below, even to the extent of presenting witnesses. Greer v. Greer, 276 Ala. 421, 163 So.2d 707; St. Clair Industries, Inc. v. Harmon's Pipe & Fitting Co., 282 Ala. 466, 213 So.2d 201."

While the appellants offered no witnesses in the hearing below, they were offered a full opportunity to do so. Further, the amendment to the complaint filed after the completion of the hearing clearly prayed for the relief granted in the decree. It is to be noted that the decree was not entered until some three months after the last amendment was filed.

Equity Rule 28 1(d), Appendix, found in Title 7, of our Code of 1940, provides in part:

"Amendments to bills may be filed as a matter of right at any time before final decree, by striking out or adding new parties, or to meet any state of evidence which will authorize relief; * * *"

Appellants further contend that the decree is erroneous in that there was no evidence to support the allegation in the original bill that it was the appellants who obstructed the public road; that is that the allegata and the probata did not correspond.

The appellee testified that after the fence with a gate in it had been placed across the road, he discussed the matter with the Barneses, and they told him to use the gate in the fence. Clearly the inferences to be reasonably drawn from this testimony were sufficient to support the allegation in the bill in this aspect.

Affirmed.

HEFLIN, C. J., and MERRILL, MADDOX and JONES, JJ., concur.