ALMON, Justice.
Appellants brought this action seeking relief under Rule 60(b) ARCP, requesting that the court set aside a judgment rendered between the same parties in a former suit. After hearing testimony, the trial court denied the relief sought. We affirm.
The former suit was over the right of access to certain real property. Appellants’ *438 lost and appealed to this court. That judgment, which is the one here in controversy, was affirmed by this court in Barnes v. Kent, 292 Ala. 508, 296 So.2d 881 (1974).
The sole contention of appellants is that they were denied due process of law because they did not testify at the former trial. They assert that had they testified at the first trial, there would have been ample evidence to contradict appellee’s witnesses. In Barnes v. Kent, supra, this court observed:
“While the appellants offered no witnesses in the hearing below, they were offered a full opportunity to do so. . . ”
So far as we can ascertain, appellants’ dissatisfaction stems from their attorney’s tactics at the first trial. They are represented by different counsel on this appeal. Nevertheless, the appellants were bound by the previous judgment. McGruder v. B & L Construction Company, Inc., 331 So.2d 257 (Ala.1976). There is no evidence in the record to support relief under Rule 60(b).
The judgment of the trial court is hereby affirmed.
AFFIRMED.
TORBERT, C. J., and BLOODWORTH, JONES and EMBRY, JJ., concur.