Plaintiff Commercial Union Insurance Company sought a declaration that it was not obligated to defend, as additional insureds, under a comprehensive general liability policy, two employees of Rose's Stores, Inc., against claims for bodily injury brought by another employee of Rose's. Circuit Judge Elwood Hogan held that under the terms of the policy, the Company was bound to defend the two employees because the policy was clearly intended to cover an employee of Rose's against a claim by a co-employee for bodily injuries or personal injuries. We do not agree.
The facts of the case are uncontested. On June 19, 1978, defendants Simpson and Cox were named as defendants in a civil action entitled Bernard J. Seymour, Jr. v. American BalerMachine Co., et al., in the Circuit Court of Mobile County. The claims asserted against Simpson and Cox arose out of an accident which allegedly occurred on April 1, 1975, in which Seymour, then an employee of Rose's, sustained certain bodily injuries arising out of and in the course of his employment. From January 1, 1975, until January 1, 1976, there was in effect a certain policy of liability insurance issued by Commercial Union which insured Rose's against certain risks.
Coverage A of the policy provided that:
 "The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of
"Coverage A. bodily injury or
 "Coverage B. property damage to which this insurance applies, caused by an occurrence, and the company shall have the right and duty to defend any suit against the insured seeking damages on account of such bodily injury or property damage. . . .
The policy defined the term "bodily injury" in the following terms:
 "bodily injury" means bodily injury, sickness or disease sustained by any person which occurs during the policy period, including death at any time resulting therefrom; . . ."
and further provided that this definition was applicable throughout the entire policy, including the endorsements.
Endorsement number 11 contained a personal injury liability insurance clause which provided, in pertinent part, as follows:
 "The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of injury (herein called `personal injury') sustained by any person or organization and arising out of one or more of the following offenses committed in the conduct of the named insured's business:
 "A. false arrest, detention or imprisonment, or malicious prosecution;
 "B. the publication or utterance of a libel or slander or of other defamatory or disparaging material, or a publication or utterance in violation of an individual's right of privacy, except publications or utterances in the course of or related to advertising broadcasting or telecasting activities conducted by or on behalf of the named insured;
 "C. wrongful entry or eviction, or other invasion of the right of private occupancy; . . ."
Also included in endorsement number 11, and at the heart of the issue in this case, was the additional insured clause which provided, in pertinent part, as follows:
 "The `Persons Insured' provision is amended to include any employee of the named insured while acting within the scope of his duties as such but the *Page 124 
insurance afforded to such employee does not apply:
 "1. to bodily injury or personal injury as described in the Personal Injury Liability Insurance section of this endorsement to (a) another employee of the named insured arising out of or in the course of his employment or (b) the named insured or, if the named insured is a partnership or joint venture, any partner or member thereof."
We hold that the terms and provisions of this particular policy for insurance are not ambiguous; therefore, the trial court erred in finding an ambiguity.
This Court has previously held that trial courts are not empowered to insert ambiguities "by strained and twisted reasoning, into contracts where no ambiguities exist." MichiganMutual Liability Co. v. Carroll, 271 Ala. 404, 123 So.2d 920,924 (1960). It is not a function of the courts to make new contracts for the parties, or raise doubts where none exist.Maryland Casualty Co. v. Allstate Insurance Co., 281 Ala. 671,207 So.2d 657 (1968).
The additional insured clause at issue in this case clearly states that the insurance afforded to employees does not apply
to injury from another employee arising out of or in the course of his employment. It could not be more explicit or straightforward. Appellees argue that the policy is ambiguous:
 "The term `bodily injury' and `personal injury' in many instances can be used interchangeably as they can mean the same thing. An insured reading the coverage as to ADDITIONAL INSURED (EMPLOYEES) in Endorsement # 11 and reading the limiting phrase which follows `bodily injury or personal injury,' in the exception to coverage, viz., `as described in the Personal Injury Liability Insurance section of this endorsement' would reasonably conclude that the basic coverage afforded by the main liability policy was being extended to employees and only the additional items of personal injury added by the endorsement were being excluded insofar as claims by co-employees were concerned.
 "If the intent of Plaintiff was to eliminate all liability coverage under both the main policy and Endorsement # 11 with respect to claims against employees by co-employees, Plaintiff could easily have worded its exception in unambiguous language. . . ."
As we have already stated, we fail to find an ambiguity.
The terms "bodily injury" and "personal injury" are both used in the policy, but they do not necessarily mean the same thing in this policy. In fact, the terms are given two separate definitions in the provision. While it is correct that an ambiguous provision in an insurance policy is to be construed against the insurer, it is equally true that no such construction is permissible in the absence of an ambiguity.Utica Mutual Insurance Co. v. Tuscaloosa Motor Co., 295 Ala. 309, 329 So.2d 82 (1976). See, Home Indemnity Co. v. ReedEquipment Co., Inc., 381 So.2d 45 (Ala. 1980).
In granting defendant's motions for summary judgment, the trial court erred in holding that the policy provided coverage for the employee-defendants.
REVERSED AND REMANDED.
TORBERT, C.J., and JONES, SHORES and BEATTY, JJ., concur.