ALMON, Justice.
This is an appeal from the trial court decree which enforced an attorneys’ lien on behalf of the attorney of record and another attorney employed by the client corporation against proceeds from the shareholders’ unilateral transfer and sale of a corporate asset.,
In 1977 Boykin Timber & Farm Resources, Inc. (Boykin Timber), an Alabama real estate development corporation comprised of two shareholders, Richard A. Boy-kin, Sr. and Richard A. Boykin, Jr. (the Boykins), entered into an agreement with their accountant, Robert W. Turnbow. In the agreement Turnbow received all of the outstanding common shares of Boykin and Lagman, Inc. (Lagman), an Alabama corporation whose sole asset was the Florida condominium development known as Seas-pray. In exchange for the stock, Turnbow promised to pay all of the indebtedness of Lagman and pledged the Lagman stock as security for his performance. Lagman also *295 granted Boykin Timber a security interest in certain second mortgages on Seaspray condominium units. When, after several years, the Lagman indebtedness totalled hundreds of thousands of dollars, Boykin Timber, in a 1981 proceeding, successfully recovered the Lagman stock and prevented Turnbow and Lagman from disposing of any Lagman assets pending transfer of the stock.
Attorney Joseph B. Nix, Jr. originally referred the Boykins to Mr. Robert G. Kendall, who became the attorney of record in the successful Boykin Timber litigation. The terms of the fee agreement were in dispute. The attorneys contend that the Boykins agreed to give them a ½ interest in the Seaspray condominium unit belonging to Lagman at the time of the stock foreclosure action, whereas the Boykins contend that they agreed to give only Kendall a ½ interest in the Lagman stock recovered from Turnbow. Following the recovery of the Lagman stock, the Boykins transferred the condominium unit in question to themselves and then resold the unit to a bona fide purchaser without the consent of either Nix or Kendall. Nix and Kendall then filed a motion to impress a lien pursuant to Code 1975, § 34-3-61, seeking 33⅛% of the value of the condominium unit sold by the Boy-kins or the proceeds thereof. In the Boy-kins’ answer, they admitted transferring the condominium unit to themselves “in partial satisfaction of debts paid by them for the corporation Boykin and Lagman, Inc.” but denied that Nix was entitled to a fee, contending that Kendall agreed to receive ⅛ of the value of the Lagman stock as his sole remuneration.
The trial court awarded Nix and Kendall $18,847.10, representing ½ of the sum received by the Boykins for the rental and sale of the condominium unit in question. To enforce the attorneys’ lien in favor of both Nix and Kendall against the Boykins personally, the trial court made the following findings of fact: 1) the Boykins, as sole shareholders of Boykin Timber, were the corporation’s alter ego and thus proper parties in the lien enforcement proceedings; 2) Nix, a practicing Alabama attorney, performed legal services in referring Boykin Timber to Kendall and was thus a proper party to enforce the attorneys’ lien; 3) Boy-kin Timber’s suit to recover the heavily indebted Lagman stock was in actuality a suit to recover the condominium unit in question, Lagman’s sole asset; 4) Kendall and Nix agreed to receive ½ of the value of the condominium unit in question rather than ½ of the value of the heavily indebted Lagman stock as their fee; and 5) the Boy-kins’ unilateral transfer of the condominium unit in question to themselves with actual notice of the attorneys’ alleged outstanding interest constituted fraud on the court and the attorneys which was not vitiated by their subsequent sale of the unit to a bona fide purchaser. Boykin Timber and the Boykins then filed a joint notice of appeal.
The issues presented for review are 1) whether attorneys Nix and Kendall are proper parties to enforce an attorneys’ lien pursuant to Code 1975, § 34-3-61; 2) whether the lower court had subject matter jurisdiction to enter a judgment for monetary damages under Code 1975, § 34-3-61(c) against persons not parties to the original action creating the attorney/client relationship; and 3) whether the Boykins were entitled to a jury trial under Code 1975, § 34-3-61.
Only attorneys of record, the practicing attorneys who actually sign pleadings and actively participate in the crucial phases of their clients’ litigation, are proper parties to enforce a lien under the authority of Code 1975, § 34-3-61. McBride v. Ellard, 273 Ala. 467, 142 So.2d 895 (1962); Gulf States Steel Co. v. Justice, 204 Ala. 577, 87 So. 211 (1920). Although Gulf States, supra, which relegates attorneys not of record to contract remedies, dealt specifically with attorney intervention proceedings following a prejudgment settlement entered into without the attorney’s consent, we see no reason to limit its holding to those facts. We, therefore, hold that in either a prejudgment or post judgment statutory lien enforcement proceeding, only the *296 attorney of record may recover from the client the full amount stated in the employment contract, but he recovers subject to a duty to account to other attorneys pursuant to the contract. See Gulf States, supra, 204 Ala. at 584, 87 So. at 217-18.
In the Boykin Timber litigation, Nix, whose only legal services consisted of his referring the Boykins to Kendall, could in no way be deemed an attorney of record. Kendall, therefore, as the only attorney of record, is the sole party capable of enforcing the statutory lien, and Nix’s name should be stricken from the judgment below. Kendall will recover the full amount indicated by the employment agreement as interpreted by the trial court, ½ of the value of the condominium unit rentals and sale, subject to a duty to account to Nix pursuant to the employment contract, unless the trial court lacked the requisite subject matter jurisdiction.
The Boykins contend that the circuit court lacked subject matter jurisdiction to enter a personal judgment for monetary damages to enforce a § 34-3-61(c) lien on realty or personalty recovered in the original action. In a § 34r-3-61(c) proceeding, the attorney’s lien can attach only to the actual property recovered in the original action: “Upon all actions for the recovery of real or personal property, and upon all judgments for the recovery of the same, attorneys-at-law shall have a lien on the property recovered .... ” Code 1975, § 34-3-61(c) (emphasis added). The recovery of the Lagman stock in the original action necessarily circumscribed the subject matter jurisdiction of the circuit court, and the stock thus represented the only property upon which the § 34-3-61(c) lien could attach.
Moreover, even if the condominium unit was deemed to be tantamount to the stock recovered in the original action, the trial court would be without power under § 34-3-61(c) to impress a lien upon the unit because the unit was transferred to a bona fide purchaser without notice. Code 1975, § 34-3-61(c) (“the property recovered shall remain subject to said liens, unless transferred to bona fide purchasers without notice”).
Although Kendall argues that the proceeds from the sale of the condominium unit to the bona fide purchaser would be “property recovered” within the meaning of the statute, where the statute failed to include the word “proceeds” within its terms, we decline to expand its scope absent a clear legislative manifestation to the contrary. Grace v. Solomon, 241 Ala. 452, 454, 3 So.2d 3, 3-4 (1941) (“The lien here provided for cannot be extended beyond the fair intendment of the statute .. . ”).
Furthermore, just as the statute fails to allow liens upon “proceeds,” it also fails to authorize the entry of personal judgments. If, therefore, an attorney wishes to seek a personal judgment against a former client, or the shareholders of a former corporate client, he must seek a legal remedy in the form of a new action based upon the employment contract or quantum meruit. Crittenden v. Parker, 350 So.2d 1058, 1060 (Ala.Civ.App.1977).
Because the circuit court is without subject matter jurisdiction or power to enter a personal judgment for monetary damages in a § 34-3-61(c) proceeding, we pretermit consideration of the remaining issue. The judgment of the circuit court is reversed and the cause remanded.
REVERSED AND REMANDED.
TORBERT, C.J., and FAULKNER, EM-BRY and ADAMS, JJ., concur.