This is an appeal of civil action tried ore tenus wherein appellee, Joe D. Nabors, a subcontractor on a sewer construction project in Rainsville, Alabama, was awarded a money judgment against subcontractor, James E. Watts and Sons Contractors, Inc.; James W. Watts; Charles E. Watts and James E. Watts, Partners, d/b/a Watts Construction Company, contractor, and the surety American Casualty Company. Nabors claimed damages for breach of contract; conversion; fraud; for money had and received and for breach of an insurance contract.
Part one of the trial court's judgment orders James E. Watts and Sons Contractors, Inc.; James E. Watts; Charles E. Watts and James E. Watts, Partners, d/b/a, Watts Construction Company and American Casualty Company to pay Nabors $24,523.89. As American Casualty Company was only mentioned in count one of Nabor's complaint it is apparent that part one of the judgment is directed at that part of the complaint. Count one was directed at the Watts parties for breach of contract for failure to pay Nabors an amount due under the contract and against American Casualty for payment of a bond issued by it as surety.
Appellants contend that the trial court erred in finding that they were in breach of contract. Specifically, they contend that it was the agreement of the parties that Nabors not be paid until after subcontractor James E. Watts and Sons Contractors, Inc., were paid by the City of Rainsville. They argue that Watts Sons have not been paid in full by the City of Rainsville and thus, that the trial court has altered the agreement of the parties by ordering Watts and Son to pay Nabors.
The contract between Nabors and Watts and Sons was oral. Nabors testified that he understood when he went on the job that he would not be paid until Watts and Sons received their money from the City of Rainsville. Due to a contractual dispute between Watts and Sons and the City of Rainsville payment to Watts and Sons has not been made.
"Where the parties express without ambiguity their intention, no court can alter the agreement, and no room for judicial construction is left." Lilley v. Gonzales, 417 So.2d 161 (Ala. 1982). See also, Flowers v. Flowers, 334 So.2d 856 (Ala. 1976);Commercial Union Ins. Co. v. Rose's Stores, Inc., 411 So.2d 122
(Ala. 1982). As already noted, Nabors clearly states in his testimony that he understood when he took the job that he would not be paid until Watts and Sons was paid. This agreement was probably reached in order to protect Watts and Sons in the event payment from the City of Rainsville was delayed, which in fact did occur in this case. The situation at hand would appear to be the exact problem the agreement was to guard against. We find that the trial court erred in requiring Watts and Sons to pay Nabors prior to its being paid by the City of Rainsville. At such time that Watts and Sons does receive payment, Nabors will be due his percentage of the contract price.
Because payment to Nabors is not yet due under the contract, it is apparent that American Casualty is not due to make payment on the bond at this time. When payment to Nabors does become due American Casualty may become liable on the bond.
We therefore find that part one of the trial court's judgment is due to be reversed.
Part two of the trial court's judgment orders James E. Watts and Sons Contractors, Inc.; James E. Watts; and Charles E. Watts and James E. Watts, Partners d/b/a Watts Construction Company to pay Nabors $106,042.73.
Although the trial court did not make specific findings of fact, counts two through five of the Nabors complaint relate to the fact that Watts contracted to provide full insurance coverage for Nabors and deducted payments for such coverage but did not in fact procure such coverage. Due to a lack of liability insurance on his *Page 375 
work vehicles, Nabors was held liable for a judgment of $85,000 awarded Stephen Brown as compensation for injuries received in a collision with one of Nabors's employees.
Count five claims damages of $250,000 for breach of the contract for insurance against all of the defendants against whom the trial court awarded judgment in part two of its judgment. We conclude that the record supports a finding that there was an agreement to provide insurance, that it was paid for by Nabors but that it was not provided by the Watts defendants. Accordingly, we find that count five of Nabors's complaint alone could have been the basis of part two of the trial court's judgment.
Appellant further contends that only James E. Watts and Sons Contractors, Inc., should be liable and not James E. Watts; Charles E. Watts and James E. Watts, Partners, d/b/a Watts Construction Company. Nabors negotiated this oral contract with James E. Watts. The Watts partnership entered into the contract with the City of Rainsville. The Watts corporation, however, paid Nabors's employees and performed the bookkeeping tasks, etc. The evidence was heard ore tenus. After reviewing this lengthy record, we cannot conclude that the trial judge was in error in rendering judgment against these parties, because of their interrelationship, mode of doing business, and the nature of the oral contract.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
TORBERT, C.J., and FAULKNER, BEATTY and HOUSTON, JJ., concur.