THIGPEN, Judge.
This is the appeal from a ruling on a claim on a lien filed pursuant to the settlement of an automobile accident case.
Originally, Frank Eaton signed a contingency fee contract with the law firm of Robert Norris & Associates. Suit was filed on Eaton’s behalf by associates of that firm, D. Michael Barrett and B. Neal Ainsworth. Sometime in November 1987, Barrett, Ainsworth, and the claimant, Alicia K. Haynes, formed the partnership of Barrett, Ainsworth, and Haynes, and Eaton’s case was transferred to that firm. Thereafter, Barrett appeared as counsel for Eaton, and Ainsworth’s motion to withdraw was granted. On August 22, 1988, Jack McNamee and K. Stephen Jackson filed an appearance as attorneys of record. On December 16, 1988, Haynes filed a lien pursuant to Ala.Code 1975, § 34-3-61, for expenses paid on behalf of Eaton and an additional amount as attorney’s fee based on quantum meruit totalling $1,276.50. On motion of the parties, the ease was dismissed with prejudice on June 28, 1990, and Jackson filed a motion to quash Haynes’s claim. On August 2, 1990, the trial court vacated, set aside, and held for naught the lien “as the claimant for lien services was never attorney of record in this cause.”
Thereafter, Haynes filed a motion claiming a lien for legal services on behalf of the firm of Barrett, Ainsworth, and Haynes, and the subsequent firm of Haynes and Ainsworth. In that claim, Haynes alleged that due to the Chapter 7 bankruptcy of the firms, she was charged with paying the debts of the former firms. After arguments on September 20, 1990, this lien was also vacated, set aside, and held for naught; hence this appeal.
Haynes first asserts that as a general partner for the two now-defunct law firms, she is legally entitled to reimbursement of case expenses previously paid to the law firms in question. Secondly, she argues that as general partner for the two firms, she is entitled to an attorney’s fee based on quantum meruit for services performed by the two firms in this case.
We note at the outset that Haynes’s original claim of lien was pursuant to Ala. Code 1975, § 34-3-61, entitled “Liens”. Haynes now asserts that a claim of lien is pursuant to the Alabama Partnership Act, Ala.Code 1975, § 10-8-1 et seq.; however, she failed to indicate any provision of that act which authorizes the claim of the lien asserted. Certain equitable liens are created as among and between partners, and their claims to partnership assets; however, Haynes’s only claim in the case at bar, if any, is the attorney’s lien created pursuant to Ala.Code 1975, § 34-3-61.
Inasmuch as Haynes was not attorney of record at the time, and did not sign the pleadings or actively participate in the crucial phases of litigation, she is not a proper party to claim or enforce a lien on the authority of Ala.Code 1975, § 34-3-61. See Boykin Timber & Farm Resources, Inc. v. Nix, 438 So.2d 294 (Ala.1983). Indeed, the right of an attorney to intervene or assert a lien after settlement is available only to the attorney of record at the time of settlement. McBride v. Ellard, 273 Ala. 467, 142 So.2d 895 (1962). Accordingly, the trial court correctly dismissed the claim and vacated the lien.
Haynes next argues a claim of lien based upon the general partnership law and obligations, duties, and liabilities of the parties. Appellee’s brief asserts that while Haynes may be entitled to an accounting or some other action against her former partners, the attorneys involved, this is not the forum. The Alabama Partnership Act does not create a lien which would contravene such in Ala.Code 1975, § 34-3-61. Accord *340 ingly, the action of the trial court in dismissing the claim and vacating the lien is, in all respects, affirmed.
AFFIRMED.
ROBERTSON, P.J., and RUSSELL, J., concur.