In March 1991 Roselynn Presley of Lafayette, Louisiana, and Jane Vincent of Hattiesburg, Mississippi, were involved in an automobile accident in Baldwin County, Alabama. Andrew Schnatz was the operator of the other automobile involved in the accident.
Presley and Vincent retained the Glenn Armentor Law Corporation, a Louisiana professional law corporation, to represent their interests. The parties agreed that the firm would be entitled to a 33 1/3 contingent fee. Marshall Stockstill, a member of the firm, was primary counsel.
On March 14, 1993, Stockstill telephoned Braxton Counts, an attorney in Mobile, Alabama, for the purpose of associating him as local counsel in the Presley and Vincent case. The association was necessitated because Stockstill was not a member of the Alabama Bar. During their conversation, Stockstill informed Counts that his duties would include filing the complaint, assisting in discovery, and serving as local counsel. Stockstill further stated that he (Stockstill) would be in charge of the case, would handle all discovery, and would pay all costs. Stockstill informed Counts that a settlement offer in the Presley case was on the table, but further negotiations were needed. Counts was directed to prepare and file complaints in Mobile County immediately because the statute of limitations was about to run. Stockstill and Counts agreed that Counts would be entitled to 40% of Stockstill's contingent fee. On the following day, Counts received a letter from Stockstill reiterating their previously discussed agreement.
Counts filed the complaint on March 16, 1993, one day before the statute of limitations was to expire.
Sometime between March 15, and March 23, 1993, Presley's claim against Schnatz was settled by Stockstill for $55,000. Counts received notice of the settlement on March 29, 1993.
Counts subsequently requested that he be paid 40% of Stockstill's contingent agreement share of the Presley settlement. Stockstill refused to do so, suggesting that Counts was only entitled to fees based on quantum meruit because the matter had been settled without discovery or trial.
On August 17, 1993, Counts filed a "Notice of Attorney's Lien," pursuant to § 34-3-61, Code 1975, in the Circuit Court of Mobile *Page 966 
County, Alabama. Counts requested that the court award to him 40% of any monies recovered as attorney's fees. Following a hearing on the matter, the court granted Counts's request and awarded him $7,333.33. The judgment was entered against Stockstill and the Glenn Armentor Law Corporation. Stockstill and Glenn Armentor appeal. (For purposes of this appeal, we will refer to the appellants collectively as Stockstill.)
Stockstill initially asserts that the trial court erred in entering a judgment against him, individually, because he was not named in the title of any action or in the title of any complaint, as required by Rule 10(a), A.R.Civ.P.
Stockstill did not raise this issue in a pretrial motion or in a post-trial motion. He defended the complaint on the merits. He cannot now complain on appeal. Barnes v. Kent,292 Ala. 508, 296 So.2d 881 (1974); Jack Cole Co. v. Hays, 281 Ala. 118, 199 So.2d 659 (1967).
Stockstill asserts, for various reasons, that the attorney's lien statute is not applicable to the instant circumstances. We agree, but for reasons other than those stated.
We find the basic question to be answered is whether Counts, as associate counsel, had a right to a § 34-3-61 lien.
In Boykin Timber Farm Resources, Inc. v. Nix, 438 So.2d 294
(Ala. 1983), our supreme court held "that in either a prejudgment or postjudgment statutory lien enforcement proceeding, only the attorney of record may recover from the client the full amount stated in the employment contract, [and] he recovers subject to a duty to account to other attorneys pursuant to the contract." That statement indicates that the basis for a § 34-3-61 lien is the employment contract between the client and its retained attorney.
The record reflects that there was a contingent fee agreement reached between Stockstill and the plaintiffs. Counts's arrangement for fees, however, was contained solely in the agreement he executed with Stockstill, which expressly provided that Stockstill would retain overall direction and control of the case. There was no employment agreement between Counts and the plaintiffs.
Attorney's liens are asserted by counsel against its client. Counts was not seeking a lien on the plaintiff's funds; rather, he requested that the court assert a lien against Stockstill, who associated him to assist in the case. Section 34-3-61 was not a remedy available to Counts.
We hold that in order to assert a valid § 34-3-61 lien, there must be an agreement between client and counsel, either express or implied, that the attorney's fee would be paid from any recovery in the case. We are unaware of Alabama case law which has directly addressed this issue. We find support, however, from other jurisdictions, where it has been determined that an attorney's lien for fees must be based upon some contract with the client in order to subject the results of an action to a lien. See Democratic Cent. Comm. v. Washington Metro. AreaTransit Comm'n, 941 F.2d 1217 (D.C. Cir. 1991); Hahn v. OregonPhysicians' Service, 786 F.2d 1353 (9th Cir. 1985); GoodwinFilm Camera Co. v. Eastman Kodak Co., 222 F. 249 (2nd Cir. 1915); People ex rel. Stephens v. Holten, 304 Ill. 394,136 N.E. 738 (1922); Smith v. Wright, 153 Mo. App. 719,134 S.W. 683 (1911); Snyder v. Smith, 132 Neb. 504, 272 N.W. 401
(1937); Harwood v. LaGrange, 137 N.Y. 538, 32 N.E. 1000 (1893);Miller v. Miller, 83 S.D. 227, 157 N.W.2d 537 (1968). See also 7A C.J.S. Attorney Client, § 361 (1980); 7 Am.Jur.2dAttorneys at Law § 324 (1980).
Although Counts did not utilize the proper vehicle to assert his claim for attorney fees, it appears from the record testimony, and from the judgment, that the matter was tried on a breach of contract basis. Therefore, for the purpose of judicial economy, we address the merits of the case.
Both parties claim support for their positions in the terms of the contingent fee agreement. The terms of the agreement are not in dispute. It is the parties' interpretation of the agreement that is in conflict. The agreement between the parties was set out in a letter from Stockstill to Counts. That letter *Page 967 
provided the following pertinent information:
 "It is my understanding that you will prepare a Complaint on behalf of our Clients . . . and file same in Baldwin County, Alabama prior to the Statute of Limitations date, i.e. March 17, 1993.
 "It is also my understanding that I will be involved in all phases of discovery and trial, and you will assist me in that regard. Our Firm will advance all funds necessary for case development and trial. We have a contingency fee of 33 1/3 percent with our Clients. The fee will be apportioned 60 percent to our Firm and 40 percent to you.
 "Presently, I am in negotiation with State Farm regarding settlement and I will keep you informed in that regard."
Stockstill asserts that the contingent fee agreement was unambiguous. He insists that the agreement was conditioned on Counts's assistance with discovery and trial of the matter. He contends that because the matter was settled prior to trial and the agreement did not provide for that circumstance, there was no "meeting of the minds" between himself and Counts relating to Counts's compensation in case of settlement.
Counts also contends that the agreement is unambiguous. He asserts that under the terms of the agreement he was entitled to 40% of "any monies" recovered by Stockstill on behalf of the plaintiffs.
It is apparent from the trial court's judgment that it agreed with Counts's assessment of the agreement.
Whether the terms of an agreement are ambiguous is a question of law to be determined by the trial court. Johnson v. Cervera,508 So.2d 257 (Ala. 1987). Where the terms are certain and clear, the court's duty is to determine the meaning of those terms. Johnson. It is not the function of the trial court to make new contracts for the parties or to raise doubts where none had existed. Commercial Union Ins. Co. v. Rose's Stores,Inc., 411 So.2d 122 (Ala. 1982).
We find the agreement to be clear and certain in its terms. Counts's entitlement to the contingent fee was conditioned on his assistance with discovery and his assistance with trial. There was no "meeting of the minds" between Stockstill and Counts on the subject of compensation in the event of settlement. Johnson.
In determining otherwise, "the trial court . . . was acting outside its authority in 'rewriting' the contract by interpreting it to fit a circumstance not provided for within the 'four corners' of the contract." Johnson.
The judgment of the trial court is reversed. The cause is remanded for the trial court to hold a hearing to determine the amount of attorney fees recoverable by Counts, utilizing the standard of quantum meruit. Johnson. See Gaines, Gaines Gaines v. Hare, Wynn, Newell Newton, 554 So.2d 445
(Ala.Civ.App. 1989).
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and THIGPEN, J., concur.
YATES, J., dissents.