KENNEDY, Justice.
We granted certiorari review to determine whether the Court of Civil Appeals correctly reversed the trial court’s award of attorney fees.
On or about March 14 or 15, 1993, Marshall J. Stockstill, a Louisiana attorney, contacted Alabama attorney Braxton Counts III about associating Counts as local counsel to help in Stockstill’s representation of Rose-lynn Presley and Jane Vincent. Presley and Vincent had been involved in an automobile accident in Baldwin County and had retained Stockstill to represent them in their action against the other driver and that driver’s insurance company. Stockstill expressed to Counts concern that the statutory limitations period for Presly and Vincent’s claims would expire on March 17,1993.
Stockstill explained that he would be in charge of the case but would want Counts to file the complaint, assist in discovery, and serve as local counsel. At that time, Stocks-till also informed Counts that settlement negotiations were underway with one of the defendants, State Farm Insurance Company. He said State Farm had made an offer to settle the Presley claim, but that the offer was not enough. Stockstill told Counts that he would keep him informed of the settlement negotiations with State Farm.
The contingency fee agreement between Stockstill and the clients was for Stockstill to receive ⅞ of any amount they recovered. The two attorneys then orally agreed that *969 Stockstill would receive 60% and Counts 40% of any contingent fee received. On the following day, Counts received a letter from Stockstill confirming that fee arrangement. At that point, Counts filed the complaint on behalf of Presley and Vincent, just within the period allowed by the statute of limitations.
On or about March 29, 1993, Counts received from Stockstill, a letter dated March 23, 1993, informing him that the Presley claim had been settled, but the letter did not mention the date of the settlement or the amount. Counts contacted Stockstill and asked how much the Presley claim had been settled for and when he could expect his 40%. Stockstill told him it was settled for $55,000 but that it had been settled before Counts filed the complaint and that Counts had not helped in discovery or trial and therefore was entitled only to compensation based on a theory of quantum meruit. Counts disagreed; Stockstill asked him to put his position in writing. Counts did so, by a letter mailed to Stockstill on March 30, 1993. Later, on the same day, Counts received from Stockstill a fax that included a letter from Stockstill to Presley, dated March 15, 1993, and confirming settlement of her claim for $55,000. But, in an affidavit dated December 28,1993, Stockstill admitted that he could not unequivocally say that the Presley settlement occurred on March 15, 1993, and he went on to say the settlement may have been around March 22 or 23,1993.
Following Stockstill’s denial of the 40% fee, Counts filed a “notice of attorney’s lien,” pursuant to § 34-3-61, Ala.Code 1975, in Baldwin County. Counts then filed a complaint in the trial court, and following a hearing and presentation of the evidence by both parties, the trial court entered a judgment in favor of Counts for $7,333.33. Stockstill appealed the judgment to the Court of Civil Appeals. The Court of Civil Appeals reversed the judgment and remanded the cause for the trial court to hold a hearing to determine the amount of attorney fees due to Counts based on the theory of quantum meruit. Glenn Armentor Law Corp. v. Counts, 683 So.2d 964 (Ala.Civ.App.1994). We granted Counts’s petition for certiorari review.
Regarding the issue of whether the attorney’s lien statute, § 34r-3-61, Ala.Code 1975, applies in this ease, this Court adopts the holding of the Court of Civil Appeals on this issue. We conclude that it does not apply.
The dispositive issue we address is answered by basic contract law; the question is whether Counts was entitled to 40% of the contingent fee received by Stockstill from the settlement of Presley’s claim, as outlined in the agreement between the attorneys. The record indicates a valid fee contract between Stockstill and Counts, by which Stockstill agreed to pay Counts 40% of the ½ contingency fee received from Presley and Vincent.
The terms of the attorneys’ agreement are not in dispute. The dispute is over the parties’ interpretation of that agreement. The letter from Stockstill to Counts setting out their agreement reads, in pertinent part, as follows:
“It is my understanding that you will prepare a Complaint on behalf of our Clients ... and file same in Baldwin County, Alabama prior to the Statute of Limitations date, i.e. March 17,1993.
“It is also my understanding that I will be involved in all phases of discovery and trial, and you will assist me in that regard. Our Firm will advance all funds necessary for case development and trial. We have a contingency fee of 33⅜ percent with our Clients. The fee will be apportioned 60 percent to our Firm and 40 percent to you.
“Presently, I am in negotiation with State Farm regarding settlement and I will keep you informed in that regard.” Stockstill contends that Counts’s right to receive a fee was conditioned upon his performing discovery and trial work. Because the Presley claim was settled before any discovery or trial proceedings occurred, Stockstill asserts that Counts is not entitled to any of the fee collected from the Presley settlement.
Counts argues that the agreement between him and Stockstill clearly entitles him to 40% of any contingent fee collected by Stockstill in connection with the Presley or Vincent claims. Counts also states that, contrary to established law, the Court of Civil Appeals gave the contract an interpretation that, in effect, “made a new contract” for these parties. Counts asserts that “[i]t is not a func *970 tion of the courts to make new contracts for the parties, or raise doubts where none exist,” quoting Johnson v. Cervera, 508 So.2d 257, 259 (Ala.1987), and Commercial Union Ins. Co. v. Rose’s Stores, Inc., 411 So.2d 122, 124 (Ala.1982).
Whether the terms of a contract are ambiguous is a question of law to be determined by the trial court. Johnson, supra. If the terms are certain and clear, the court’s duty is to determine the meaning of those terms. Johnson, supra. It is apparent that the trial court determined that the terms of the agreement meant Counts would receive 40% of any contingent fees collected by Stockstill in connection with the claims of Presley or Vincent. We agree.
From the language of the contract, one cannot reasonably conclude that Stockstill sought to limit or qualify Counts’s recovery of 40% of any contingent fees. No limiting or qualifying language is found within the four corners of the contract between Stocks-till and Counts. If the parties intended to limit Counts’s 40% fee, they could have specifically said so in the agreement. See Baker v. Blue Circle, Inc., 585 So.2d 868, 870 (Ala. 1991). The contract letter stated that settlement negotiations were already underway and that Stockstill would keep Counts updated on the progress of those negotiations. If there were any question as to the true meaning of the wording of this agreement, then well-established law would require that the ambiguity be construed against the drafting party, Stockstill. Johnson, 508 So.2d at 257.
One cannot reasonably interpret the clear and plain wording of this contract to mean anything except that Counts is entitled to 40% of Stockstill’s ⅛ contingent fee on Presley’s settlement. Stockstill drafted the fee agreement and now must accept its terms and its results. A different- conclusion would run contrary to fundamental contract law.
REVERSED AND REMANDED.
HOOPER, C.J., and MADDOX, SHORES, HOUSTON, INGRAM, COOK, and BUTTS, JJ., concur.