WRIGHT, Retired Appellate Judge.
Clark Hall filed a complaint against Gary Archer in the Etowah County District Court, alleging claims of breach of contract and conversion. Following oral proceedings, the district court entered a judgment in favor of Archer. Hall appealed to the Etowah County Circuit Court. The parties submitted the ease to the trial court on the exhibits, the affidavits, and the record. The trial court entered a judgment, stating, in pertinent part:
“[Hall] and [Archer] entered into a contract for the sale of a house on November 4, 1991, in the sum of $42,500.00, with ‘$5,000.00 down and $[37,500.00] financed at 10%, with 20 years’ amortization with a 120-day balloon.’ The contract further provides that $1,000.00 shall be earnest money and shall be liquidated damages in the event of default by the purchaser. The purchaser [Hall] paid $5,000.00, but defaulted after 120 days as to the balance due.
“Upon consideration of the entire contract, the court finds that the sum of $1,000.00 is the amount of liquidated damages available to [Archer] and that [Hall] is entitled to a refund of $4,000.00, plus interest, from April 1992.”
Archer filed a motion for a new trial, which the trial court denied.
Archer appeals, contending that the trial court erred in determining that the parties’ agreement was a contract for the sale of a house and not a lease-sale agreement.
Whether the terms of an agreement are ambiguous is a question of law to be determined by the trial court. Glenn Armentor Law Corp. v. Counts, 683 So.2d 964 (Ala.Civ.App.1994). Where the terms are certain and clear, the court’s duty is to *195 determine the meaning of those terms. Id. It is not the function of the trial court to make new contracts for the parties or to raise doubts where none existed. Glenn Armentor Law Corp.
The trial court correctly set forth the provisions of the contract. We find the contract to be clear and certain in its terms. In the event of Hall’s default, Archer was entitled to the $1,000 earnest money, as liquidated damages. Hall paid Archer $5,000 and later defaulted. Therefore, we conclude that the trial court correctly determined that Hall was entitled to a refund of $4,000, plus interest.
The judgment of the trial court is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. Charles Wright while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
AFFIRMED.
All the judges concur.