I dissent.
The contract between Bill Harbert Construction Company and I. Kruger, Inc., is unambiguous and plain in expression; therefore, no canon of construction warrants an interpretation the only effect of which is to relieve a party to the contract from consequences it deems hard or unfair. Ex parte Foster, 758 So.2d 516, 519 (Ala. 1999); Lilley v.Gonzales, 417 So.2d 161, 163 (Ala. 1982). Therefore, even if there were not a material question of fact as to whether Kruger had completely performed under the contract — and I think there was — Kruger would not be entitled to a judgment against Harbert until Harbert is paid by the Board of Water and Sewer Commissioners of the City of Mobile. It is undisputed that this has not occurred. See James E. Watts SonsContractors, Inc. v. Nabors, 484 So.2d 373 (Ala. 1985). Because payment to Kruger is not yet due under its contract with Harbert, Harbert's surety, Federal Insurance Company, is not obligated to make payment on its bond at this time. Watts Sons, 484 So.2d at 374.
See, Lyons, and Brown, JJ., concur.